593 So.2d 1118 (1992)
TRI-STATE INSURANCE COMPANY OF MINNESOTA and Admiral Insurance Company, Appellants,
v.
Ronald J. FITZGERALD, Appellee.
No. 91-113.
District Court of Appeal of Florida, Third District.
February 4, 1992.
*1119 Roger G. Welcher, Kubicki, Draper, Gallagher & McGrane and Gail Leverett, Miami, for appellants.
Thornton, David, Murray, Richard & Davis and Aurora Ares and Ralph P. Richard, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM.
Fitzgerald sued the appellant-carriers' insured, Lehman Power Corporation, a marine engine manufacturer, for property damage caused by Lehman's breach of warranty. While the appellants provided a defense to the action, and later agreed to pay a portion of the resulting judgment against the insured, they denied coverage for other portions of the jury award and judgment. They now challenge a summary judgment rendered against them for the entire underlying judgment. This determination is entirely affirmed. See Triple U Enters. v. New Hampshire Ins. Co., 576 F. Supp. 798 (D.S.D. 1983), aff'd in part, rev'd in part, 766 F.2d 1278 (8th Cir.1985); Wallach v. Rosenberg, 527 So.2d 1386 (Fla. 3d DCA 1988), review denied, 536 So.2d 246 (Fla. 1988); Duke v. Hoch, 468 F.2d 973 (5th Cir.1972).
Fitzgerald's cross appeal, however, presents error. After the entry of the judgment against the insured, Fitzgerald sought discovery in aid of execution. Lehman did not respond appropriately, and Fitzgerald moved for sanctions against it pursuant to Florida Rule of Civil Procedure 1.380(a)(4).[1] While the motion was pending, counsel assigned by the carriers for the defense of the case, who had vigorously represented Lehman throughout the jury trial proceedings and thereafter, moved for and was granted leave to withdraw. The trial court then rendered an unappealed order granting the 1.380 motion and awarding $26,554.14 for the plaintiff's expenses, including attorney's fees against Lehman. Fitzgerald contends that the carriers must pay this amount under the policy provision that:
The Insurer(s) will pay, in addition to the applicable limit of liability:
[A]ll costs taxed against the Insured, in any suit defended by the Insurer(s)... .
Although the trial court did not agree, we do.
Applying the familiar rules of interpretation applicable to insurance policies, see, e.g., Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla. 1975); Harris v. Carolina Life Ins. Co., 233 So.2d 833 (Fla. 1970); Continental Casualty Co. v. Gold, 194 So.2d 272 (Fla. 1967), we conclude that the award in question falls within this policy provision. Simply stated, it represents "costs" assessed against Lehman in a case being defended by the carriers' assigned counsel. Particularly since the policy emphasizes that the carriers are required to pay "all [such] costs," [e.s.] its coverage of the instant judgment is all the clearer.
The contrary ruling of the trial court was *1120 that the $26,554.14 Judgment dated April 3, 1990, in favor of Plaintiff is not covered under the Insurance Policy issued by Defendants due to the insured's lack of cooperation. [e.s.]
This is incorrect. While the acts which gave rise to the cost judgment may have represented a failure of the insured to cooperate with Fitzgerald in the discovery of its assets, there is no evidence whatever that it prejudicially did not cooperate with the carriers or their assigned counsel, as is required to constitute a defense to coverage. See 31 Fla.Jur.2d Insurance §§ 829-31, 833 (1981).
For these reasons, the order on cross appeal is reversed with directions to enter judgment for Fitzgerald in the amount in question.
Affirmed in part, reversed in part.
HUBBART and GERSTEN, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
I concur with affirmance on the main appeal, but I do not with the determination that the order for expenses required in pursuing the insured's individual assets falls within the provision upon which Fitzgerald relies.[1] As we have said,
even insurance policies must be given practical, sensible interpretations in accordance with the natural meaning of the words employed.
Simmons v. Provident Mut. Life Ins. Co., 496 So.2d 243, 245 (Fla. 3d DCA 1986). See Spiegel v. Williams, 545 So.2d 1360, 1362 (Fla. 1989) (applying rule in interpretation of same coverage provision). In this instance, I believe that the clause in question applies only to costs involved in the carriers' defense of the insured on the underlying claim, which the insurer is obliged to conduct and, as in this case, actually does so. It should not extend, as here, to those required by the insured's protection of its own individual assets, as to which the company has no interest. I see no difference between the present situation and one involving a garnishment or creditor's bill which would not be defended by the insurer  and for the expenses of which it would plainly not be liable. In my judgment, the proceedings below in aid of execution may not therefore be considered a part of the "suit defended by the [i]nsurer(s)" as required by the policy. While McBride v. Aetna Life Ins. Co., 126 Ark. 528, 553, 191 S.W. 5, 7 (1917) involves a different insuring agreement, against "loss and expense arising or resulting from claims upon the assured for damages," the court's holding is plainly supportive of this view:
The plaintiff also contends on his appeal that he should have been allowed to recover the court costs incurred in his various efforts to collect the judgment, but we are of the opinion that the chancellor was correct in holding that he was only entitled to recover the costs paid out in the original litigation, and which was adjudged in McBride's favor against the coal company. That amount he was entitled to recover for the reason that the payment of those costs fell within the indemnity provided by the policy. Maryland Casualty Co. v. Omaha Electric Light & Power Co., 157 Fed. 514, 85 C.C.A. 106. [(8th Cir.1907)]
I would entirely affirm the judgments below.
NOTES
[1] Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorney's fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
[1] I do agree that there was no "failure to cooperate" defense.