ON MOTION FOR REHEARING

PER curiam:.
Appellee’s motion for rehearing is denied. However, for the purpose of making a correction, we withdraw our opinion of May 25, 1994 and republish the opinion as follows:
We reverse the trial court’s determination that Appellant, Scottsdale Insurance Company, is liable to Deer Run Property Owner’s Association, its insured under a general liability insurance policy, for attorney’s fees that Deer Run was required to pay to a homeowner. The homeowner had prevailed in litigation against Deer Run, which Scottsdale defended on Deer Run’s behalf.
The trial court determined that the policy is ambiguous. We disagree. The relevant portion provides that Scottsdale will pay for “all sums” the insured becomes obligated to pay “as damages because of ... property damage.” That language does cover a portion of the damages Scottsdale paid as a result of Deer Run’s liability for property damage to the homeowner’s lot which resulted from Deer Run’s negligent maintenance of the canals which the declaration that created the homeowner’s association obligated it to maintain. However, the attorney’s fees which the homeowner recovered from Deer Run under the terms of the Deer Run declaration of restrictions pertained solely to the homeowner’s securing an injunction to abate the violation of the declaration, not his recovery of damages for the damage to Bottone’s property.
Additionally, Scottsdale is not es-topped, by reason of its failure to comply with the notice requirements of the claims administration statute, section 627.426(2), Florida Statutes, from asserting that there is no coverage for attorney’s fees under the policy. The lack of coverage for an insured’s contractual obligation to pay attorney’s fees is not a “coverage defense” to coverage which, but for some breach of condition, otherwise would exist. See AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998, 1000 (Fla.1989); Country Manors Ass’n v. Master Antenna Sys., Inc., 534 So.2d 1187 (Fla. 4th DCA 1988).
We affirm, however, the trial court’s award of the costs that Deer Run became obligated to pay the homeowner. The policy language, providing Scottsdale would pay “all costs taxed against the insured in any suit defended by the company,” mandates that result. Moreover, no apportionment should be made between costs the homeowner incurred in defense of Deer Run’s initial petition against him, for which the policy provides no coverage, and those incurred in prosecuting his counterclaim against it, because Scottsdale conceded at trial that those costs were so intertwined it would be impossible to separate them and made no attempt to introduce evidence demonstrating otherwise.
Likewise, there can be no apportionment between those costs incurred prior to Deer Run’s notifying Scottsdale of the counterclaim against it, some 14 months after service of the counterclaim and one month before the trial, and those incurred after *788 Scottsdale became involved. Scottsdale did not notify Deer Run that the lateness of the notice gave it any fight to reject a portion of the coverage that otherwise would exist; furthermore, it presented no evidence at trial that the late notice prejudiced it in any way or that the homeowner’s costs would have been any less if Scottsdale had had earlier notice.
Therefore, the final judgment is reversed in part and remanded for further proceedings.
DELL, C.J., and HERSEY and STONE, JJ., concur.