670 So.2d 1023 (1996)
PACIFIC EMPLOYERS INSURANCE COMPANY, Appellant,
v.
Alex HOFRICHTER, P.A., et al., Appellees.
Nos. 94-1232, 94-610 and 94-611.
District Court of Appeal of Florida, Third District.
February 28, 1996.
Rehearing Denied April 17, 1996.
*1024 Arnall Golden & Gregory; Marlow, Connell, Valerius, Abrams, Lowe & Adler and Robert Scott Newman, Miami, for appellant.
Cooper & Wolfe and Sharon L. Wolfe and Maureen E. Lefebvre, Miami; Arnold R. Ginsberg and Alex Hofrichter and Todd R. Schwartz, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
In 1986, the law partnership of Hofrichter, Quiat & Zuckerman dissolved. Shortly thereafter, Zuckerman filed suit against Hofrichter seeking an accounting and a formal dissolution of the partnership. Hofrichter answered and counterclaimed. Hofrichter then filed a separate suit against Zuckerman alleging conspiracy, fraud, conversion, theft, and unjust enrichment.
Zuckerman then applied with Pacific Employer's Insurance ("PEIC") for malpractice insurance for his new firm. Zuckerman's application did not disclose Hofrichter's two pending claims against Zuckerman. PEIC issued a policy covering any professional malpractice claim made between the period of Nov. 86-87, or prior to this period provided no insured had knowledge of any claims. The policy additionally contained an exclusion for claims brought by one insured against another insured.
However the policy also contained a Supplemental Payment Provision which stated:
B. The Company shall pay the following as part of the limits of liability under this policy:
(1) All expenses incurred by the Company, all costs taxed against the Insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limits of the Company's liability thereon.
Zuckerman subsequently notified PEIC of Hofrichter's pending claims and sought coverage. PEIC retained attorney Paul Huck to defend Zuckerman. After the insurer had defended for a number of years and controlled the litigation, when the trial court was about to issue a cost judgment against the insured, PEIC brought a declaratory judgment action against Zuckerman to determine the insurer's liability under the policy.
The trial court entered a final judgment for $358,120.12 against Zuckerman in favor of Hofrichter. The trial court also held that Hofrichter was entitled to recover $719,100 in legal fees taxed as costs, that determination now on appeal in case no. 94-465. Hofrichter then obtained writs of garnishment against PEIC seeking to garnish the proceeds of Zuckerman's professional liability insurance policy to cover the awards. The court granted partial summary judgment in favor of Hofrichter as to PEIC's liability for *1025 costs and attorney's fees, and thereafter granted final summary judgment in favor of Hofrichter assessing such liability at $719,100 plus interest at 12% per annum until paid. PEIC here appeals the partial summary judgment on liability, the denial of the insurer's ore tenus motion to abate that order, and the subsequent final summary judgment.
As was the case in the trial court, we need go no further than the clear language of the insurance policy to conclude that in light of the insurer's undertaking of Zuckerman's defense, it was obligated to pay the cost judgment which followed. This court has already held that the supplementary payments provision of a policy applies independent of whether or not there is coverage. Tri-State Ins. Co. of Minnesota v. Fitzgerald, 593 So.2d 1118 (Fla. 3d DCA 1992); see Scottsdale Ins. Co. v. Deer Run Property Owner's Ass'n, 642 So.2d 786 (Fla. 4th DCA 1994). The policy at issue contains no restrictions or limitations on that promise. The trial court enforced the policy as written. See Prudential Prop. & Cas. Ins. Co. v. Swindal, 622 So.2d 467 (Fla.1993); U.S. Liab. Ins. Co. v. Bove, 347 So.2d 678 (Fla. 3d DCA 1977). Neither the claim that Zuckerman failed to disclose critical facts, nor the claim that the policy was never to provide coverage for a claim by another insured, changes this result. Once PEIC defended, substantive coverage was not necessary to trigger the obligation to pay costs taxed against the insured in any suit.
Accordingly, we affirm the orders under review. The insurer is obligated to pay the costs taxed against Zuckerman in this suit.
Affirmed.