PER CURIAM.
Karen Feltzin and Oak Casualty Insurance Company, (Oak Casualty), appeal a final judgment of damages and attorney’s fees. They argue that the trial court impermissibly restricted their cross-examination of one of plaintiffs expert witnesses and improperly allowed the reading of irrelevant and prejudicial portions of an Oak Casualty adjuster’s deposition into evidence. Having reviewed the record, we conclude that the trial court did not err on the cross-examination issue and that, even if the reading of the deposition was error, it was harmless. Accordingly, we affirm the final judgment entered below.
Oak Casualty additionally argues that the trial judge erred by entering an order granting attorney’s fees against it. Before addressing this issue we note that Oak Casualty played a dual role in this case as both Feltzin’s liability insurer and Bernard’s uninsured motorist carrier.
Prior to trial Bernard served a demand for judgment upon defendant Feltzin for the sum of $10,000, pursuant to section 768.79, Florida Statutes (1995). No demand for judgment was made against Oak Casualty, Felt-zin’s liability insurance carrier. In fact, counsel for Bernard acknowledged during the motion for attorney’s fees that Oak Casualty was not a party to the motion for attorney’s fees against Feltzin. Accordingly, we conclude that the order granting attorney’s fees against Oak Casualty must be reversed. Our ruling is without prejudice to the assertion of any bad faith claims which may exist.
Affirmed in part, reversed in part.