755 So.2d 718 (1999)
Djuana Garvey SPARKS, Appellant/Cross-Appellee,
v.
Jean BARNES, Appellee/Cross-Appellant.
No. 98-03515.
District Court of Appeal of Florida, Second District.
September 10, 1999.
Rehearing Denied February 17, 2000.
David B. Pakula of Fazio, Dawson, Di-Salvo, Cannon, Abers & Podrecca, Fort Lauderdale, for Appellant.
Gregory J. Perenich of McFarland, Gould, Lyons, Sullivan & Perenich, P.A., Clearwater, and Timothy B. Perenich of Perenich Law Firm, P.A., Palm Harbor, for Appellee.
CAMPBELL, Acting Chief Judge.
This appeal is a companion to Sparks v. Barnes, 742 So.2d 420 (Fla. 2d DCA 1999) and arises from the proceeding below that grew out of the three-vehicle accident described in our opinion in that case issued simultaneously with this opinion. Appellant/cross-appellee Sparks, in this appeal, asserts that the award of attorney's fees to appellee/cross-appellant Barnes should be reversed in the event we, in Case No. 98-00686, reversed the trial court's failure to grant a new trial. Inasmuch as we affirmed in that appeal the trial judge's denial of Sparks's motion for new trial, we, accordingly in this appeal, affirm the award of attorney's fees to Barnes.
In her cross-appeal, Barnes challenges the trial judge's denial of her motion under section 627.4136, Florida Statutes (1997), to join in her judgment for attorney's fees pursuant to section 768.79, Florida Statutes (1997), Sparks's liability insurer, Oak Casualty Insurance Company. We affirm the trial judge's denial of joinder of Oak Casualty in the final judgment awarding attorney's fees.
In her personal injury action against Sparks, Barnes recovered final judgment in the amount of $108,724. Prior to trial, *719 Barnes served a demand for judgment pursuant to section 768.79 on Sparks in the amount of $10,000, which did not mention Oak Casualty. Oak Casualty was not a party to Barnes's personal injury action against Sparks and was not served with Barnes's demand for judgment. Oak Casualty's policy limits in its liability policy insuring Sparks was $10,000.
We would first observe that a fee award is never justified absent a legal basis, contractual or statutory, to support it. We can find no such basis in this case for an award of attorney's fees to Barnes against Oak Casualty, since Oak Casualty was not a party to Barnes's lawsuit and had no contractual relationship with her.
Barnes argues that the offer of judgment statute (section 768.79) coupled with the nonjoinder statute (section 627.4136) work together to entitle her to a judgment for attorney's fees against Oak Casualty, her tortfeasor's liability insurer. Without judicial manipulation of these statutes to supply legislative direction and intent that is not clear and obvious, we are unable to conclude that these statutes authorize attorney's fees against Oak Casualty in this case. The only conceivable source of a liability for attorney's fees to Barnes by Oak Casualty could only derive from the offer of judgment statute (section 768.79). That statute provides in pertinent part as follows:
(1) In any civil action for damages filed in the courts of this state.... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
* * * *
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
* * * *
(b) Name the party making it and the party to whom it is being made.
* * * *
(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
The companion Florida Rule of Civil Procedure 1.442 provides in pertinent part as follows:
(b) Time Requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced
. . . .
(c) Form and Content of Proposal for Settlement.
* * * *
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
* * * *
(3) A proposal may be made by or to any party or parties....
(d) Service and Filing. A proposal shall be served on the party or parties to whom it is made....
Both statute and rule speak clearly and only in terms of offers by "plaintiffs" to "defendants" and proposals to be made to a "party" or "parties." Both statute and rule require that the offer or proposal be served upon that party to whom it is made. Oak Casualty was not a "party" or "defendant" to Barnes's action against Sparks and was not served with the offer made by *720 Barnes to Sparks. While Barnes argues that the nonjoinder statute (section 627.4136) authorizes her to join Oak Casualty in the judgment obtained against Sparks, we find no language in the non-joinder statute that convinces us accordingly. The case of Feltzin v. Bernard, 719 So.2d 315 (Fla. 3d DCA 1998), while not "on all fours," is extremely persuasive. In that case, Oak Casualty was also involved both as the liability insurer for the alleged tortfeasor Feltzin and the plaintiff Bernard's uninsured motorist carrier. Oak Casualty was in fact a party in the Feltzin trial proceeding but was not served by Bernard with the demand for judgment made only on Feltzin. The trial judge in Feltzin entered judgment for attorney's fees to Bernard and against Feltzin. In reversing, our Third District colleagues stated as follows:
Prior to trial Bernard served a demand for judgment upon defendant Feltzin for the sum of $10,000, pursuant to section 768.79, Florida Statutes (1995). No demand for judgment was made against Oak Casualty, Feltzin's liability insurance carrier. In fact, counsel for Bernard acknowledged during the motion for attorney's fees that Oak Casualty was not a party to the motion for attorney's fees against Feltzin. Accordingly, we conclude that the order granting attorney's fees against Oak Casualty must be reversed. Our ruling is without prejudice to the assertion of any bad faith claims which may exist.
719 So.2d at 316.
We affirm both in the appeal and cross-appeal the orders on attorney's fees issued by the trial judge. Our ruling is without prejudice to the assertion of any bad faith claims which may exist.
DAVIS, J., Concurs.
WHATLEY, J., Concurs specially.
WHATLEY, Judge, concurring.
Like the majority, I can find no statutory basis to allow the appellee/cross appellant, Barnes, to recover her attorney's fees against the insurance carrier, Oak Casualty. I, therefore, concur, albeit with reluctance. My concern is that the offer of judgment statute, § 768.79, lacks mutuality of obligation, and thus, the playing field is not level.
Specifically, section 768.79(1) allows an insurance carrier, which is not a party, to recover its attorney's fees when the defendant makes a successful offer of judgment. I do not quarrel with the rationale for such recovery of fees by an insurance carrier as it makes sense for two reasons. First, the purpose of the offer of judgment statute is served. That purpose was stated in McMullen Oil Co. v. ISS International Service System, Inc., 698 So.2d 372, 374 (Fla. 2d DCA 1997), as follows: "The purposes of section 768.79 include the early termination of litigation by encouraging realistic views of the claims made. Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997)." Second, it allows the insurance carrier who, in my view, is the "real party in interest" to recover its fees. I view the insurance carrier as the real party in interest because it controls the defense's litigation strategy and holds the purse strings.
The inequity is that when a plaintiff, such as Barnes, makes a successful offer of judgment, its recovery of attorney's fees is limited to the defendant. The insurance carrier thus suffers no risk as to the award of attorney's fees.
In years past, plaintiffs had opposed having to pay the nonparty insurance carrier's costs under the offer of judgment statute. In holding the payment of costs advanced by one other than the named party to be appropriate, the Florida Supreme Court stated: "Failure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage alone, gives the plaintiff and/or the plaintiffs insurance carrier, an undeserved windfall." Aspen v. Bayless, 564 So.2d 1081, 1082, 1083 (Fla.1990).
*721 By analogy, Oak Casualty repeated the windfall of directing the course of the defense, rejecting the plaintiffs $10,000 offer of judgment, failing to terminate the litigation early, having a verdict of $108,724 entered, and still only having to pay its policy limits of $10,000. Under the doctrine of mutuality of obligation, I would hope our legislature would review this complex but important statute with a view toward leveling the playing field.