CAMPBELL, Acting Chief Judge.
Appellant, Djuana Garvey Sparks, challenges the final judgment entered against her below in a personal injury action arising out of an automobile accident. She asserts in this appeal that the trial judge erred in denying her motion for new trial because the jury’s apportionment of fault is contrary to the manifest weight of the evidence. We conclude that the trial judge did not abuse his discretion in denying the motion for new trial and accordingly affirm.
The motor vehicle accident which resulted in the final judgment that is the subject of Sparks’s challenge involved three vehicles. Sparks was driving westbound on Drew Street, a four-lane road with two lanes in each direction. She was driving in the inside left lane of Drew Street and approached the “T” intersection of Drew Street and Evergreen with the intention of making a left turn onto Evergreen. Drew Street has no turn lane for turning onto Evergreen. Appellee, Jean Barnes, was driving behind Sparks, also in the inside lane of Drew Street. Barnes testified that Sparks’s vehicle came to a complete stop in the left-hand lane without any warning, Sparks’s brake lights did not come on, and her left turn signal did not come on until Sparks had come to a complete stop. Barnes testified that she slammed on her brakes as hard as she could, causing her tires to screech. Barnes believed she was going to strike Sparks’s vehicle, but was able to stop approximately four feet behind Sparks. After Barnes stopped, she looked in her rearview mirror and saw the third vehicle driven by George Morrell coming up behind her. Morrell was unable to stop before colliding with the rear of Barnes’s vehicle. The collision propelled Barnes into the back of Sparks’s vehicle. Barnes estimated that Morrell had only one or two seconds of warning, and testified that Sparks’s actions led to the accident because Sparks did not give advance warning of stopping or of her intention to turn left.
Morrell testified that he observed the two cars in front of him stopping abruptly, “the first car and then the second car last.” Morrell testified that he was fully attentive to the driving conditions in front of him when he noticed the sudden stopping of the other vehicles but there was nothing he could have done to avoid the accident. There was evidence that all three vehicles were moving at approximately 35 m.p.h. as they descended the hill on Drew Street and approached the Evergreen “T” intersection, which is in the valley of the hill. Barnes was approximately three and one-half car lengths behind Sparks, and Mor-rell was approximately the same distance behind Barnes. There were no vehicles in front of Sparks. The deposition testimony of the driver of another vehicle that was approaching Evergreen on Drew from the opposite direction was introduced at trial and while this testimony conflicts to some degree with the testimony of Barnes and *422 Morrell, it is not so manifestly conflicting as to support a new trial. The jury determined that Sparks was 40% at fault and Morrell was 60% at fault. The evidence supports that finding and we affirm.
WHATLEY and DAVIS, JJ., Concur.