787 So.2d 85 (2001)
Dr. Ricardo PINES and Polo Alto Associates, Ltd., a Florida limited partnership, Appellants,
v.
GROWERS SERVICE COMPANY, INC., a Florida corporation, Appellee.
No. 2D00-2848.
District Court of Appeal of Florida, Second District.
March 21, 2001.
Rehearing Denied May 9, 2001.
*86 E. Blake Paul of Peterson & Myers, P.A., Lake Wales, and Ricardo E. Pines of Ricardo E. Pines, P.A., Coral Gables, for Appellants.
M. Lance Holden of Sharit, Bunn, Chilton, Holden & Stambaugh, P.A., Winter Haven, for Appellee.
CASANUEVA, Judge.
Dr. Ricardo Pines and Polo Alto Associates, Ltd. appeal an adverse judgment determining their liability for $48,874 in attorney's fees and $3,878.39 in costs. We reverse the attorney's fee award in full and affirm in part and reverse in part the costs award because appellee Growers Service Company, Inc. failed to prove its allegations of entitlement to attorney's fees.

Procedural History
Dr. Pines and Polo Alto Associates, Ltd. jointly own a parcel of real property in Highlands County. Pines Ranch, Inc. leases the property from them and operates a citrus grove and cattle business there. The lease allowed Pines Ranch, Inc. to make improvements on the property at its own cost and contemplated that any such improvements would remain the property of Pines Ranch, Inc.[1]
*87 Growers was hired to construct some irrigation improvements on the property. A dispute arose after the irrigation improvements were finished, so Growers sued Dr. Pines, individually, and Polo Alto Associates, Ltd. in four counts. Count I sought to impose a mechanics' lien on the property that Pines Ranch, Inc. leased; Count II sought damages for breach of the underlying contract described in Count I; and Counts III and IV were actions for open account and quantum meruit, respectively.
Attached to the complaint were a number of exhibits. These included two letters from Growers to Pines Ranch with proposals for the work, a quotation for the work sued upon directed to Pines Ranch, and a copy of the invoices representing the amounts due from Pines Ranch. Also attached to the complaint was a contractor's affidavit prepared in compliance with chapter 713, Florida Statutes (1999), the mechanics' lien law, in which Growers' manager swore the company provided labor, services, or materials to Pines Ranch in "accordance with a contract with Ricardo Pines and Polo Alto Associates, Ltd." The attached Claim of Lien stated that $25,227.07 of the total amount of the contract with Ricardo Pines remained unpaid. No written contract was attached to the complaint.
Throughout the proceedings the primary thrust of the appellants' defense was that Growers did not have a contract with the two owners of the real property but, as all relevant attachments to the complaint showed, Growers had an agreement with Pines Ranch, the lessee.
Ultimately, the parties to this appeal resolved most aspects of the suit in a joint stipulation and settlement agreement. In this agreement Growers acknowledged that it received $23,857.24 from Pines Ranch, Inc. as full payment as well as other considerations. The joint stipulation and settlement agreement further provided:
Plaintiff, GROWERS SERVICE COMPANY, INC., ("Plaintiff"), and Defendants, DR. RICARDO PINES and POLO ALTO ASSOCIATES, LTD., ("Defendants"), hereby stipulate and agree as follows:
. . . .
5. For purposes of this Joint Stipulation and Settlement Agreement, the parties acknowledge that the Plaintiff is the prevailing party in this litigation. However, the Defendant [sic] specifically reserves its right to contest the applicability of chapter 713, the validity of the claim of lien filed by the Plaintiff, and any other statutory or contractual provision authorizing the assessment of attorney's fees in favor of the Plaintiff.
6. The Plaintiff reserves its right to pursue its claim for attorney's fees and costs in the above styled case pursuant to the allegations of its complaint and/or reply to affirmative defenses, and/or orders compelling discovery and awarding attorney's fees in this litigation. Likewise, the Defendants reserve their right to defend the Plaintiffs claims of entitlement and amount of attorney's fees and costs pursuant to their answer and affirmative defenses. Nothing in this stipulation *88 and settlement agreement shall prejudice either party's right to fully litigate the issue of attorney's fees for the Plaintiffs claims and the parties agreed that the court shall retain jurisdiction over the above styled case in order to determine the issue of attorney's fees and costs as herein stated....
Thereafter, Growers moved for attorney's fees and costs. It alleged entitlement to fees pursuant to chapter 713 and costs pursuant to section 57.041, Florida Statutes (1999).
Appellants, asserting the rights they had reserved in the joint stipulation and settlement agreement, opposed any costs award and claimed that under section 57.041(1) Growers was not entitled to an award because they did not receive a judgment. Further, they opposed any claim to attorney's fees pursuant to section 713.29, Florida Statutes (1999), by asserting that Growers had not successfully prosecuted the foreclosure of its mechanics' lien, that Growers lacked a direct contact with the property's owners and, therefore, lacked the necessary privity entitling it to a lien and, moreover, that Growers had failed to file a notice to owner, a prerequisite to a valid lien.
An entitlement hearing was held at which Growers presented evidence consisting of the joint stipulation and settlement agreement, the depositions of Eduardo Pines and Dr. Ricardo Pines, and a copy of the lease between appellants and Pines Ranch, Inc. At the hearing, appellants argued that Growers had not shown sufficient evidence to demonstrate that it was the prevailing party under the mechanics' lien law and that section 713.29 provides for attorney's fees to the prevailing party only when that party has an appropriate claim of lien over a piece of real property, which, they further argued, Growers did not.
The trial court found that Growers had proven entitlement to attorney's fees based upon the express language of the joint stipulation and settlement agreement and that it constituted the functional equivalent of a confession of judgment against appellants.

Attorney's Fees
It is axiomatic that in the absence of a statutory basis or contractual provision, a prevailing party in Florida is not generally entitled to an award of attorney's fees. Sparks v. Barnes, 755 So.2d 718 (Fla. 2d DCA 1999); McArthur Farms v. Peterson, 586 So.2d 1273 (Fla. 1st DCA 1991). Here, no written contract was attached to the pleadings or offered into evidence as proof at the entitlement hearing; in fact, there was no written contract between these parties. Thus, the trial court could only award attorney's fees if Growers proved that it was the prevailing party on its mechanics' lien claim because of all Grower's causes of action only the count based on chapter 713 provided it statutory authority for such an award.
The trial court's conclusion that the joint stipulation and settlement agreement constituted the functional equivalent of a confession of judgment is legally erroneous. A careful scrutiny of the language the parties used to resolve their dispute indicates the contrary. Paragraph 5 of the joint stipulation and settlement agreement clearly announced that Growers was the prevailing party in the litigation; however, it did not announce whether Growers prevailed on one, some, or all of the counts. Paragraph 6 demonstrated that each party reserved its rights on the issue of attorney's fees including the right to establish or contest entitlement. On the face of the stipulation, at worst for appellants, entitlement was an open question that could yet be proven; at worst for Growers, it was the prevailing party on the issue at the *89 heart of the dispute, payment for work completed, but appellants had not conceded entitlement to fees. Had appellants stipulated that Growers was the prevailing party on the mechanics' lien count, entitlement would have been almost a formality. The substance of the joint stipulation and settlement agreement also rejects the notion of a confession of judgment and Growers in no manner sought a judgment from the trial court on any of the counts.
Throughout the depositions of Dr. Pines and Eduardo Pines no testimony was adduced to prove the existence of a contract between appellants and Growers. Instead, their testimony established that the contract was with Pines Ranch, Inc.[2] Thus, their sworn testimony contradicted Growers' allegations in the complaint. Even had the trial court disbelieved this deposition testimony, as it apparently did, Growers offered no other testimony or proof at the fee entitlement hearing in support of its mechanics' lien allegations. Rather than a formal written contract between appellants and itself, Growers relied on a series of documents sent to such diverse entities as Pines Ranch and the Pines Group, neither of which is a named party in this action. The only document suggesting the existence of a contract was the contractor's affidavit prepared by Growers and attached to the complaint. Yet, this affidavit had attached to it no written contract and merely concluded summarily that Growers possessed a contract. This evidence failed to prove the existence of a direct contract, necessary in this instance, to a valid lien claim.
Growers relies on Aetna Casualty & Surety Co. v. Gordon F. Buck, P.E., 594 So.2d 280 (Fla.1992). In Aetna, the Florida Supreme Court held that privity, in a lien context, can exist in either of two scenarios. First, where the owner knows the subcontractor is working on the job and the owner has assumed the contractual obligation for the work; and second, where the owner and contractor share a common identity. Only the first scenario is relevant here.[3]
Arguing that Aetna was controlling authority, Growers still failed to adduce proof that the property owners had assumed the contract. Dr. Pines did admit in deposition that he authorized the work, but he maintained that he had authorized it in his capacity as an officer of Pines Ranch, Inc., not as an individual such that he could be held liable, individually, for the contract amount[4] or any resulting attorney's fees. Moreover, while Growers showed that Dr. Pines was a joint owner and acted as a corporate officer and had a position of authority in the family's limited partnership, the other joint owner of the *90 property, Growers brought forth no evidence that it was or thought it was contracting with either joint owner or the Pines Group, the general partner of one of the joint owners. Allegations are just that-allegations; they are not proof. A party cannot assume proof, it must offer competent, substantial proof. Growers did not and, thus, failed to carry its burden under Aetna that the owners of the property assumed responsibility for payment of the contract.
Because Growers failed in the requirement of adducing proof to support its allegations, the trial court erred in making the legal determination that Growers was entitled to an award of attorney's fees on the bases it raised. Therefore, we reverse this portion of the final judgment and strike the order awarding attorney's fees to Growers.

Costs
As noted above, there was no contract upon which to prove a breach and Growers did not establish chapter 713 as the basis of its recovery under the joint stipulation and settlement agreement. Further, while Growers settled with appellants, it did not obtain a judgment on its mechanics' lien,[5] or on any other basis. Thus, although we conclude that a costs award under either section 57.041 or chapter 713 was inappropriate, the trial court could have determined that Growers was the prevailing party under either Count III or IV, actions for open account and quantum meruit. On either of these bases Growers was entitled to related taxable costs. Because Growers failed to establish chapter 713 as the basis for its recovery, we strike from the costs award $12.50 for recording of the claim of lien, and $1,875 for an expert witness on the issue of the amount due for attorney's fee. We affirm the balance of the costs judgment.
Affirmed in part and reversed in part.
BLUE, A.C.J., and GREEN, J., concur.
NOTES
[1] The general partner of Polo Alto Associates, Ltd. is the Pines Group, Inc. of which Dr. Pines is president and a shareholder. The limited partner is the Pines Family Trust, of which Dr. Pines is a trustee. Dr. Pines is also the president of Pines Ranch, Inc., and a shareholder. Dr. Pines' son, Eduardo, is in charge of the daily operations of farming activities of Pines Ranch, Inc. Despite the interwoven nature of the various entities that constitute the Pines family's businesses, and the fact that Dr. Pines may have been aware of the work that Growers did, the focus of this opinion is on Growers' failure of proof, as explained below, not whether Dr. Pines was involved or how much he was involved in the relevant activities of his family's various holdings.
[2] There was also no evidence adduced that would support piercing the corporate veil of any of the Pines family's corporations. Moreover, at the fee entitlement hearing, counsel for Growers disavowed any notion that he was trying to pierce a corporate veil.
[3] Factually, Aetna Casualty & Surety Co. v. Gordon F. Buck, P.E., 594 So.2d 280 (Fla. 1992), appears quite similar to Growers' case but the salient element of the joint stipulation and settlement agreement in this case, with its careful language of reserving rights to contest and prove entitlement to attorney's fees, distinguishes this case from Aetna. Another distinguishing feature is that we are not dealing with three sides to a construction project as in Aetna: subcontractor, contractor, and owner, the latter being the party the mechanics' lien law is trying to protect from double payments. There are only two sides here: contractor and owner; and a failure of proof as to the basis for someone to pay Growers' attorney's fees.
[4] It is noteworthy that the joint stipulation and settlement agreement takes care to point out that Growers received full payment for the work from Pines Ranch, Inc., and not Dr. Pines or Polo Alto Associates, Ltd.
[5] Compare Willey v. M.K. Roark, Inc., 616 So.2d 1140 (Fla. 4th DCA 1993) (holding that when a lien is substituted by a bond, the statute which governs the assessment of attorney's fees is not the prevailing party provision under chapter 713, but the insurance provisions under chapter 627; for insurers, settling before judgment is entered does not preclude liability for fees, because payment of a claim is the functional equivalent of a confession of judgment, citing Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217, 218 (Fla. 1983)).