793 So.2d 1006 (2001)
SCOTTSDALE INSURANCE COMPANY, Appellant,
v.
Ruth W. HAYNES, etc., et al., Appellees.
No. 5D00-111.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
Opinion on Motion to Certify Issue September 14, 2001.
*1007 Kenneth M. Rubin of Wiederhold, Moses & Rubin, P.A., West Palm Beach, for Appellant.
Laura P. Denault and C. Richard Newsom of Overchuck, Newsome, Schwerer Denault, L.L.P., Orlando, for Appellee Home Away From Home of Holly Hill, Inc.
No Appearance for Appellee Ruth W. Haynes, etc.
Jeff Tomberg, J.D., P.A., Boynton Beach, Amicus for The Academy of Florida Trial Lawyers.
SHARP, W., J.
Scottsdale Insurance Company appeals from a final summary judgment rendered against it, and in favor of Home Away From Home of Holly Hill, Inc. (Home Away). Appellee Bush is the personal representative of Haynes (now deceased),[1] a former resident of Home Away. The issue on appeal is a novel one: whether or not attorney's fees, which might be awarded against Home Away in a suit brought on behalf of Haynes, are covered under Scottsdale's liability policy issued to Home Away. The trial court concluded that they were. We disagree and reverse.
The facts in this case are not in dispute. Scottsdale insured Home Away, an adult assisted living facility. In 1995, Haynes' personal representative sued Home Away, claiming it had violated section 400.428 regarding its treatment of Haynes while she was a resident. A jury trial rendered *1008 a verdict in the amount of $150,401.20 for compensatory damages and the trial court reserved ruling on the plaintiffs claim for attorney's fees and taxable costs. Scottsdale had provided a defense for its insured and acknowledged coverage for the compensatory damage award. But it sought to intervene at that point to question its liability for attorney's fees which could be awarded to the plaintiff, pursuant to section 400.429. The statute provides:
Any plaintiff who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds that the plaintiff has acted in bad faith, with malicious purpose, and that there was a complete absence of a justiciable issue of either law or fact.
For suits brought under the statute, it creates the potential liability of a facility like Home Away for a successful plaintiff's attorney's fees, costs and damages. However, the statute does not answer the question of whether Home Away's liability insurer also automatically incurs the same liabilities.
The liability of an insurer for items assessable against its insured turns on the language of the insurance contract between the insurer and its insured. Scottsdale's insurance contract with Home Away provides:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to which this insurance applies caused by a medical incident which occurs during the policy period. (emphasis supplied)

The insurance policy does not define "damages." Scottsdale is liable for attorney's fees under this policy only if attorney's fees are deemed to be damages under its insurance policy issued to Home Away.
While the summary judgment below was pending, the third district issued its opinion in Scottsdale Insurance Co. v. Pinecrest Limited Partnership, 739 So.2d 733 (Fla. 3d DCA 1999). The trial court felt it was bound by that opinion.[2] Scottsdale conceded below that the issue was identical to the issue in this case, but it argued the case should not be precedent because of the brevity of the opinion. The Pinecrest opinion in its totality is as follows:
We affirm the final summary judgment as the trial court properly enforced the insurance policy in accordance with its plain language and entered judgment concerning the attorney's fee issue in favor of appellees. See Wilson v. Wasser, 562 So.2d 339 (Fla.1990); Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla.1987); Prudential Insurance Co. of America v. Lamm, 218 So.2d 219 (Fla. 3d DCA), cert. denied, 225 So.2d 529 (Fla.1969).
This brief statement differs little from a PCA, which has no precedential value,[3] and for that reason, we doubt that the above opinion has any precedential value.
But even assuming arguendo that it does have precedential value, we do not think that the cases relied upon are on point with this case. Two of the cases are medical malpractice cases which involve the Florida Patient's Compensation Fund (the Fund), and the third involves the issue of whether the former civil court of record exceeded its $5,000 jurisdictional limit in entering a $6,000 judgment. The liability of the Fund involves different statutory language, as well as different social policies, *1009 than does the language of section 400.29. The third case, although supportive of Pinecrest, is not otherwise on point with the issues here.
The general rule is that attorney fees are not recoverable in a cause of action unless there is statutory authority or a contractual provision upon which to rest such liability. Hubbel v. Aetna Casualty & Surety Co., 758 So.2d 94 (Fla.2000); Phoenix Indemnity Co. v. Union Finance Co., 54 So.2d 188 (Fla.1951); Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303 (1942). See also Fox v. City of West Palm Beach, 383 F.2d 189 (5th Cir.1967). We can find no indication in § 400.429 that the Legislature intended to impose any liability directly on a liability insurer absent language in an insurance contract to assume such liability.
Furthermore, we do not find that the language of the insurance contract here included liability coverage for attorney's fees imposed by § 400.429. The provision provided coverage for "damages because of injury to which this insurance applies caused by a medical incident which occurs during the policy period." It is generally held that attorney's fees are not damages, but are ancillary to damages, and are not part of a substantive claim. Cheek v. McGowan Electric Supply, 511 So.2d 977 (Fla.1987). See also B & H Construction & Supply Co., Inc. v. District Board of Trustees of Tallahassee Community College, 542 So.2d 382 (Fla. 1st DCA 1989). Cf. Williams v. Brochu, 578 So.2d 491 (Fla. 5th DCA 1991). Nor was any § 400.429 language incorporated into the relevant policy provision which might expand the coverage or meaning of the words used.
The only other appellate court in Florida to consider whether attorney's fees are covered under a like insurance provision is Scottsdale Insurance Co. v. Deer Run Property Owners Ass'n, Inc., 642 So.2d 786 (Fla. 4th DCA 1994). In that case, Scottsdale's insureds were property owners. The contract of insurance provided that Scottsdale would pay "all sums" the insured became obligated to pay as a result of damages because of "property damages." A homeowner sued Deer Run and recovered damages. The question was whether attorney's fees that the homeowner recovered as a result of an injunction against Deer Run were also covered.
The fourth district concluded that Scottsdale was not liable for the payment of those fees. Bush suggests the fees were not covered in that case, because they accrued as a result of obtaining an injunction rather than a damage award. But it appears to us the district court did not address the issue involved in this case.
The court affirmed the award of costs that Deer Run became obligated to pay as a result of the litigation, not because of the quoted policy language involved here, but because the insurer had agreed to pay "all costs taxed against the insured in any suit defended by the company," in a supplementary payments provision of the policy.
We conclude that the plain wording of this insurance policy does not encompass liability for attorney's fees, or costs for that matter. Attorney's fees are charged for a professional service.[4] In a remote or indirect way they may constitute "damage" to an injured party entitled to recover them against a defendant. But they are not damages as that term is commonly understood. Rather, we conclude *1010 that attorney's fees are a separate type of relief requiring special language before they may be assumed to have been included in a "damage" award in an insurance policy.
REVERSED.
PETERSON, J., and POWELL, R.W., Associate Judge, concur.

ON MOTION TO CERTIFY ISSUE AS TO DIRECT CONFLICT OR IN THE ALTERNATIVE TO CERTIFY AS TO GENERAL PUBLIC IMPORTANCE
SHARP, W., J.
We grant the appellees' and the amicus curie's motions to certify the issue involved in this case as one of great public importance,[1] but we deny the balance of their motions.[2]
Accordingly, we certify to the Florida Supreme Court the following question as one of great public importance:
CAN AN INSURED RECOVER REASONABLE ATTORNEY'S FEES AS "DAMAGES" FROM ITS LIABILITY INSURER WHEN THE ATTORNEY'S FEES WERE AWARDED TO A PREVAILING PLAINTIFF PURSUANT TO SECTION 400.429, FLORIDA STATUTES, AGAINST THE INSURED, AND THE INSURANCE CONTRACT PROVIDES THE INSURER "WILL PAY ON BEHALF OF THE INSURED ALL SUMS WHICH THE INSURED SHALL BECOME OBLIGATED TO PAY AS DAMAGES BECAUSE OF INJURY TO WHICH THIS INSURANCE APPLIES CAUSED BY A MEDICAL INCIDENT WHICH OCCURS DURING THE POLICY PERIOD?"
Motion to Certify Question GRANTED; Balance of Motions DENIED.
PETERSON, J., and POWELL, R.W., Associate Judge, concur.
NOTES
[1] Ruth B. Haynes by and through Nancy Bush, personal representative.
[2] Pardo v. State, 596 So.2d 665 (Fla.1992); Kenmark Constr., Inc. v. Cronin, 765 So.2d 129 (Fla. 2d DCA 2000); Reinhardt v. Bono, 564 So.2d 1233 (Fla. 5th DCA 1990).
[3] Department of Legal Affairs v. District Court of Appeal, Fifth District, 434 So.2d 310 (Fla. 1983).
[4] Black's Law Dictionary contains a lengthy description of "damage" encompassing two-three pages. It lists subdivisions of the different types of damages. Attorney's fees are not included in any of the definitions.
[1] Fla. R.App. P. 9.030(a)(2)(B)(i).
[2] Motion to Certify Issue as a Direct Conflict (Fla. R.App. P. 9.030(a)(2)(A)(vi)); and Motion for Rehearing.