PALMER, J.
Ryan Trout appeals the trial court’s order entering summary judgment in favor of GEICO General Insurance Company. Determining that the trial court incorrectly interpreted the insurance policy at issue, we reverse.
Trout was injured while riding in a truck driven by his uncle and owned by a third person. The truck was pulling a trailer owned by yet another person. As the truck and trailer were travelling down I-95, the trailer began to sway. Ultimately, the driver lost control of the truck and trailer. They went into a spin, the trailer disconnected, and the truck impacted a guardrail. No other vehicles were involved in the accident.
The truck was insured by GEICO, but the trailer was not listed on any insurance policy. Trout sought uninsured motorist (UM) benefits under the GEICO policy, asserting that the trailer was uninsured. GEICO denied the claim, stating that UM coverage did not apply because the accident involved a single vehicle. Trout then filed suit against GEICO, and both parties moved for summary judgment. The trial court concluded that, under the GEICO policy, the trailer was part of an insured auto (the truck) and, thus, was not uninsured for purposes of UM coverage. This conclusion was incorrect in light of the plain language of the GEICO policy.
The standard of review for a trial court’s interpretation of an insurance policy is de novo. State Farm Mut. Auto. Ins. Co. v. Parrish, 873 So.2d 547, 549 (Fla. 5th DCA 2004). Insurance policies must be construed according to their plain language. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003); Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000). To determine whether the trailer was uninsured for purposes of UM coverage, we must analyze (1) *949 whether the trailer was a separate auto, and if so, (2) whether the trailer came within the definition of “uninsured auto.”
First, the GEICO policy treats a trailer as a separate auto for purposes of UM coverage. The policy’s liability section defines “non-owned auto” and “owned auto” to include a trailer, and the UM section incorporates these definitions by reference.
GEICO argues that the policy treats a trailer as part of the vehicle to which it is attached. GEICO relies on the following provision in the policy’s liability section: CONDITIONS
2. TWO OR MORE AUTOS
If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached trailer are considered to be one auto.
However, the structure of the policy makes clear that this “two or more autos” condition in the liability section does not apply to the UM coverage. Sections I through IV of the policy each addresses a different type of coverage (liability, personal injury protection, physical damage, and UM), and each contains its own “Conditions” subsection. Language in these subsections makes clear that the conditions apply only to their respective coverages. Section V then sets forth general conditions applicable to all coverages. See Anderson, 756 So.2d at 33 (“[I]f [the insurer] had intended to treat the two separately covered vehicles as a single covered automobile when operated in tandem, it could have drafted the policy to achieve that result. By failing to do so, [the insurer] cannot now take the position that the tractor-trailer rig should be treated as one automobile.”)
Second, the trader came within the definition of “uninsured auto.” The UM section provides:
LOSSES WE PAY
Under the Uninsured Motorists coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured auto arising out of the ownership, maintenance or use of that auto.
(Emphasis added.) The UM section defines “uninsured auto” by stating, in relevant part, “The term ‘uninsured auto’ does not include ... an insured auto.... ” In turn, the section defines “insured auto” as “an auto ... described in the declarations and covered by the Bodily Injury Liability coverage of this policy....” (Emphasis added.) This use of “and” means that an “insured auto” is one that is both described in the policy’s declarations and covered by the policy’s liability section. The trailer was not described in the declarations because it was owned by an unrelated third party. Thus, since the trailer did not meet the definition of “insured auto,” it was an “uninsured auto.”
Therefore, under the plain language of the policy, the trailer was uninsured for purposes of UM coverage. Accordingly, we reverse and remand for entry of a partial summary judgment for Trout on the issue of whether the trailer was an “uninsured auto.”
REVERSED and REMANDED.
SAWAYA, J., and BLACKWELL, A.L., Associate Judge, concur.