GROSS, J.,
concurring specially.
I agree that the appellant failed to preserve its best arguments. The July 20, 2011 order granting plaintiffs motions was not an appealable final order subject to a motion for rehearing. On August 19, 2011, the trial judge signed and dated the final judgment incorporating the rulings of the July 20 order. Also on August 19, appellant filed a notice of appeal referencing the July 20 order. On September 6, appellant filed an amended notice of appeal referencing the August 19 judgment. Although the August 19 judgment was subject to a motion for rehearing, appellant never sought a ruling on the motion for rehearing in the circuit court and never asked this court to relinquish jurisdiction to allow *248 it to do so. However one shakes this procedural morass, the conclusion that emerges is that appellant failed to preserve its best arguments for appeal.
It is necessary to discuss the merits of the waived issues because they impact ap-pellee’s motion for appellate fees. On the merits of the waived issues, I would hold that attorney’s fees are not “damages” or “costs” within the meaning of the policy. See, e.g., Scottsdale Ins. Co. v. Haynes, 793 So.2d 1006, 1009 (Fla. 5th DCA 2001). I disagree with the holding of Assurance Co. of America v. Lucas Waterproofing Co., Inc., 581 F.Supp.2d 1201 (S.D.Fla.2008), upon which appellee relies, since it does not accurately reflect the state of Florida law. Another ground for reversal, also waived, is that at the time the offer of judgment was made, appellant was not a “party” under the offer of judgment statute. See Meyer v. Alexandre, 772 So.2d 627 (Fla. 4th DCA 2000); Steele v. Kinsey, 801 So.2d 297, 300 (Fla. 2d DCA 2001).
For these reasons, I would therefore deny appellee’s motion for appellate attorney’s fees under the offer of judgment statute because appellant’s brief adequately preserves the arguments that were waived in the circuit court.