COHEN, J.
Geico General Insurance Company (“Geico”) appeals a final judgment ordering it to pay certain attorney’s fees for which its insured, Mohamed Kassam, was primarily liable. We hold that the payment of attorney’s fees was covered under the policy that Geico issued to Kassam and affirm.
This case originally stems from an automobile accident involving the appellees, Kassam and Kevin Hollingsworth. Kas-sam was insured by Geico under an automobile insurance policy (“the Policy”). At some point during the litigation, Hollings-worth served a proposal for settlement upon Kassam, proposing to settle the case for $9,999.99. Kassam rejected the proposal.
After a jury trial, the trial court entered judgment for Hollingsworth in the amount of $16,608.24. Because the judgment exceeded the amount of the proposal for settlement by more than twenty-five percent, Hollingsworth moved for attorney’s fees under Florida Rule of Civil Procedure Í.442 and section 768.79, Florida Statutes (“the Offer of Judgment Statute”).[1] The court granted Hollingsworth’s request, and entered an attorney fee judgment against Kassam in the amount of $113,175.00.
Hollingsworth then moved to add Geico as a party defendant to the attorney fee judgment and eventually obtained a writ of garnishment against Geico. The trial court found that Geico was liable for the attorney’s fees under the “Additional Payments” section of the Policy. That section provides, in pertinent part:
ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES
[[Image here]]
2. All court costs charged to an insured, in a covered lawsuit.
The parties disagree about what the fundamental issue is on appeal. Geico seems to believe that a bright-line rule prohibits a plaintiff from ever recovering attorney’s fees assessed against a defendant from the defendant’s insurer if the fees were awarded based on a proposal for settlement. The appellees, on the other hand, frame the issue as one of contractual interpretation and insurance coverage; thus, they focus their argument on the language of the Policy. We agree with the appellees; the real issue is whether the Additional Payments section of the Policy covers the attorney fee judgment. Accordingly, our review is de novo. See, e.g., Trout v. Apicella, 79 So.3d 947, 948 (Fla. 5th DCA 2012).
It is true that several Florida courts have held that a party may not recover section 768.79 attorney’s fees assessed against the opposing party from the opposing party’s insurer when the insurer was not a party to the litigation and was not served with the proposal for settlement. See Meyer v. Alexandre, 772 So.2d 627 (Fla. 4th DCA 2000); Sparks v. Barnes, 755 So.2d 718 (Fla. 2d DCA 1999); Feltzin v. Bernard, 719 So.2d 315 (Fla. 3d DCA 1998). Notably, this Court has not ad *367 dressed this subject, and — for the reasons that follow — it need not do so in this ease.
Meyer, Sparks, and Feltzin are all clearly distinguishable. Unlike the instant case, none of those cases discuss liability under an insurance policy. In fact, in Sparks, the second district explicitly observed that “the only conceivable source of a liability for attorney’s, fees to Barnes by Oak Casualty could only derive from the offer of judgment statute.” Id. at 718 (emphasis added). Here, by contrast, the trial court did not tax the attorney’s fees against Geico based solely on the Offer of Judgment Statute; rather, it found that the attorney fee judgment was explicitly covered by the Policy. We believe that Geico’s expansive interpretation of the case law is overbroad and not supported by precedent.
Next, we must determine if the attorney fee judgment is covered by the Additional Payments section, which states that Geico will pay “all court costs charged to an insured in a covered law suit.”
When interpreting an insurance policy, courts are bound by the plain meaning of the policy’s text. See, e.g., State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So.3d 566, 569 (Fla.2011). When language in a policy is ambiguous, courts must resolve the ambiguity in favor of the insured by “adopting the reasonable interpretation of the policy’s language that provides coverage.” Id. at 570.
In finding that the Policy covered the fees at issue here, the trial court relied on Tri-State Insurance Co. of Minnesota v. Fitzgerald, 593 So.2d 1118 (Fla. 3d DCA 1992). The insurance policy in that case, similar to the Policy here, stated that the insurer would pay “in addition to the applicable limit of liability: [A]ll costs taxed against the Insured, in any suit defended by the Insurer(s).” The trial court ruled that a sanction, which included attorney’s fees and was entered pursuant to Florida Rule of Civil Procedure 1.380, was not covered by this section of the policy. Id. at 1119. The third district disagreed and reversed, holding that “the award in question falls within this policy provision. Simply stated, it represents ‘costs’ assessed against [the Insured] in a case being defended by the [Insurer’s] assigned counsel.” Id. The court further noted that the policy was especially applicable because it emphasized that the insurer was required, to pay “all [such] costs.” Similarly, the Policy here states that Geico will pay “[a]ll court costs.”
Recently, in Geico General Insurance Co. v. Rodriguez, 155 So.3d 1163 (Fla. 3rd DCA 2014), the third district dealt with the exact Geico policy provision at issue here. In that case, the court held that an attorney fee judgment was a cost charged to the insured that was covered by the Additional Payments section of the policy.[2] After quoting the relevant policy language, the third district explained:
Hence, pursuant to the unambiguous language of the policy, Geico agrees to pay all court costs charged to an insured in a lawsuit which is covered under Gei-co’s policy.
[[Image here]]
Given this court’s precedent that (i) costs may be chargeable to a liability insurance carrier and (ii) insurance policies are to be liberally interpreted in favor of coverage, coupled with the fact that the instant policy does not define court costs, we cannot find error in the trial court’s holding that the Geico policy provides coverage for sanctions entered *368 against the insured as an additional cost of the litigation.
Rodriguez, 155 So.3d at 1172 (internal footnotes omitted). Although the attorney fee judgment in Rodriguez was granted as a sanction, whereas the judgment here was granted pursuant to the Offer of Judgment Statute, we find no relevance to this distinction. In fact, in Rodriguez, Geico argued that, as a policy matter, it should not be held liable for misrepresentations made by the' insured. Somewhat similarly, it argues in this case that it should not be held liable for a proposal for settlement when it was not a party to that proposal. But as the court noted in Rodriguez, “we are aware of no impediment which would have prohibited Geico from clarifying in its liability policy that monetary sanctions resulting from an insured’s intentional misrepresentations ... are not considered a ‘court cost’ under the ‘additional payments’ provision of the Geico policy.” Id. Likewise, here, Geico could have provided a definition of “court costs” that explicitly excluded attorney’s fees sought under the Offer of Judgment Statute.
In light of the case law cited above, combined with the principle that an ambiguous policy must be interpreted against the insurer and in favor of coverage, we are compelled to affirm.
AFFIRMED.
WALLIS and LAMBERT, JJ., concur.

. Section 768.79, Florida Statutes, provides:
If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79(1), Fla. Stat. (2013).

. The language used in the Additional Payments section of the policy in Rodriguez was identical to the language used in the Policy here.