313 So.2d 40 (1975)
Milton PEOPLES, Jr., by His Father and Next Friend, Milton Peoples, Sr., et al., Appellants,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., a Non-Profit Corporation, and Paul M. Fry, Appellees.
No. 73-795.
District Court of Appeal of Florida, Second District.
April 2, 1975.
Rehearing Denied June 17, 1975.
*41 Michael J. Freedman of Levine, Freedman & Hirsch, Tampa, for appellants.
Timothy F. Prugh and Benjamin H. Hill, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
McNULTY, Chief Judge.
In this automobile negligence action appellants first sued appellee Fry and his carrier, First American Insurance Company, in 1970 on account of an accident which occurred on November 8, 1968. During that action First American went into receivership in Dade County and the Dade County Circuit Court enjoined further proceedings in any pending suits as against First American. Thereafter, the aforesaid pending action was entirely dismissed for lack of prosecution.
Subsequently, appellee Florida Insurance Guaranty Association, Inc. was appointed successor to First American in the receivership proceeding pursuant to Ch. 631, F.S., and this suit was begun on the 22d day of December, 1972, four years and 44 days after the date of the accident. The trial court dismissed this action pursuant to the statute of limitations and this appeal ensued. We affirm.
To begin with, we know of no legal impediment existing at the time of the aforesaid receivership to continuing the original action against Fry. As to him, therefore, it is rudimentary we think that this action comes too late.
As to Florida Insurance Guaranty Association, Inc., it stands precisely in the same shoes as First American; and the latter would have had to respond under its liability coverage only upon the establishment of a legal obligation on the part of its insured (Fry in this case) to pay damages. On this point, it is now well settled that the insured is an indispensable party to a so-called "third-party beneficiary" action (such as this) brought by a tort victim against a liability carrier under the latter's liability coverage.[1] This being so, and the establishment of Fry's legal obligation to pay in the premises being legally barred as aforesaid, it follows that no action may now be maintained against Florida Insurance Guaranty Association, Inc.
No error being otherwise made clearly to appear, therefore, the judgment should be and it is hereby affirmed.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] See Kephart v. Pickens, Fla.App.4th, 1972, 271 So.2d 163, cert. denied, Fla. 1973, 276 So.2d 168. See also Catron v. F & M Schaefer Brewing Co., Fla.App.2d, 1974, 292 So.2d 74; Insurance Company of North America v. Braddon, Fla.App.3d, 1973, 285 So.2d 634, cert. denied, Fla. 1974, 300 So.2d 266.