BARKDULL, Judge.
After the defendant insurance company was served with process in a common law action, it voluntarily sought the appointment of a rehabilitator under the Illinois Uniform Insurers Liquidation Act, and the Director of Insurance of the State of Illinois was appointed as rehabilitator of Main Insurance Company. Thereafter, an ancillary rehabilitator [or receiver] was named in Florida, pursuant to Section 631.071, Florida Statutes (1977). The Illinois rehabi-litator then received an order from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, staying all further proceedings against Main Insurance Company for a period of ninety days and requiring the rehabilitator to file a report thereafter. No such report was ever filed in the trial court in the instant case subsequent to the ninety days. The original plaintiff proceeded with discovery and the Illinois rehabilitator employed counsel to represent Main Insurance. After the final hearing was concluded, the trial court joined the rehabilitator as a party to the action. This appeal ensued by Main Insurance Company, with the contention that the trial court erred in failing to stay the matter and, secondly, that the trial court erred in adding the rehabilitator as a party-defendant.
We find no error for several reasons. First, the appointment of the rehabi-litator in Illinois does not in and of itself abate or halt the then pending proceeding in the Florida courts. See: Camp v. First National Bank of Ocala, 44 Fla. 497, 33 So. 241 (1902); Peoples v. Florida Insurance Guaranty Association, Inc., 313 So.2d 40 (Fla. 2d DCA 1975); 1 Fla.Jur.2d, Actions, § 75; 27 Fla.Jur., Receivers, § 49. Secondly, the appointment of the ancillary rehabi-litator in Florida would not automatically stay the proceedings until some action was taken thereon. And, in this case, the Florida rehabilitator was specifically charged not to enter into any proceeding without permission of the Leon County Circuit Court. No such permission was ever shown in this record. Further, the Illinois rehabi-litator appeared in the cause, secured a ninety-day stay, and then ignored the command of the very order which gave the rehabilitator a ninety-day stay when it failed to file a report in accordance with the provisions thereof. The Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, was clearly within its power to continue the action after the expiration of the ninety days. See: Section 631.021(4), Florida Statutes (1977).
*382 After the rehabilitator [or receiver, as it is sometimes referred to in the statutes] was appointed, both in Illinois and in Florida, the officers and directors of Main Insurance ’'.Could not manage the affairs of the corporation. The rehabilitator [or receiver] was under a duty to make its appointment known to the trial court as the successor in interest to the management of the affairs of the corporation. This it did and the trial court, upon appropriate motion, stayed the matter for ninety days. When no status report was forthcoming after the expiration of the ninety days, the trial court was certainly within its jurisdiction to. continue with the cause. The mere appointment of the rehabilitator did not create a separate entity, which would have required a separate service of process. The rehabilitator was the successor to the officers of Main Insurance Company and, as such, was under an affirmative duty and responsibility [under its order of appointment] to come into the instant cause in the trial court and file appropriate pleadings on behalf of the insurance company.
There is only one corporate defendant and only one person or group of persons charged with the responsibility of representing the defendant in the litigation; i. e., either the original officers or board of directors of the corporation or the rehabilitator [or receiver]. The responsibility and authority was not joint; it was one or the other.
The record amply supports the final judgment which was rendered in this cause against Main Insurance Company, and the Director of Insurance of the State of Illinois as the rehabilitator for Main Insurance Company. The impact of this judgment is to make the plaintiff a judgment creditor.
Therefore, the final judgment under review be and the same is hereby affirmed.
Affirmed.