PEARSON, Judge
(dissenting).
In my view, the controlling question on this appeal is whether appellee Florida Insurance Guaranty Association is responsible for mistakes made by an insolvent insurer in issuing a policy, i. e., in failing properly to advise the policyholder prior to the policyholder’s signing a rejection of uninsured motorist coverage. I would hold that such conduct is not a “covered claim” as defined in Section 631.54(4), Florida Statutes (1977). See also Section 631.57(1)(a)(3), Florida Statutes (1977). Admittedly, there is authority for the majority view that the Association stands in the shoes of the insolvent insurer. See Peoples v. Florida Insurance Guaranty Association, 313 So.2d 40 (Fla.2d DCA 1975). I simply would hold that the statutory language must be confined only to the liability created by the provisions within the four corners of the insurance policy and that appellee Florida Insurance Guaranty Association “. . .is not vicariously liable for tortious acts of member insurers.” Rivera v. Southern American Fire Insurance Company, 361 So.2d 193 (Fla.3d DCA 1978).