IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D15-2896

v.

ALYSIA M. MACEDO AND
ZACKERY R. LOMBARDO,

     Appellees.

_____/

Opinion filed May 6, 2016.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

B. Richard Young and Courtney F. Smith of Young, Bill, Roumbos & Boles, P.A.,
Pensacola, for Appellant.

Elizabeth Monro of Florida Vanguard Attorneys LLC, Tampa, for Appellee Zackery
R. Lombardo; David A. Simpson, Jonathan D. Simpson of The Simpson Law Firm,
Fort Walton Beach, for Appellee Alysia M. Macedo.

PER CURIAM.

     The Government Employees Insurance Company (GEICO) challenges the

final judgment in an automobile insurance case holding it liable to pay Alysia M.

Macedo's attorneys fees and costs after GEICO had rejected, on behalf of its insured Zackery R. Lombardo, a $50,000 settlement proposal made by Ms. Macedo pursuant to section 768.79, Florida Statutes. A jury returned a verdict in Ms. Macedo's favor, awarding more than four times the amount of the proposal. Ms. Macedo then joined GEICO to the judgment, see § 627.4136(4), Fla. Stat., and sought taxable fees and costs pursuant to section 768.79, which the trial court awarded against GEICO jointly and severally with its insured.

We now affirm the trial court's judgment based on our prior decision in New Hampshire Indemnity Company v. Gray, 177 So. 3d 56 (Fla. 1st DCA 2015). In Gray, this Court found that the insurer's policy provision stating that it would cover "other reasonable expenses incurred at our request" included costs associated with choosing to litigate a case instead of settling it. Id. at 63-64. See also GEICO Gen. Ins. Co. v. Hollingsworth, 157 So. 3d 365 (Fla. 5th DCA 2015) (finding that the trial court permissibly taxed attorneys' fees against GEICO based on its policy provision requiring it to pay legal costs); Fla. Ins. Guar. Ass'n v. Johnson, 654 So. 2d 239 (Fla. 4th DCA 1995) (construing similar policy language to require the insurer to cover its insured's litigation costs). As in Gray, GEICO's policy with Mr. Lombardo gave it the sole right to litigate and settle claims, and contractually obligated it to pay for "all investigative and legal costs incurred by us" and "all reasonable costs incurred by an insured at our request." The policy didn't provide a

2

definition of legal or other costs, nor exclude, for example, costs and fees awarded to a plaintiff driver pursuant to the offer of judgment statute. We recognized in <u>Gray</u> that:

> [U]nder insurance policies such as the one here, insurers enjoy the sole right to settle or litigate claims against their insureds; therefore, choosing to litigate is no different than a request . . . to do so. Any such expression, or request, necessarily encompasses incurring litigation costs, which may mean not only the insurer's litigation costs, but also those incurred by the opposing party should that party prevail. It is the insurer's choice to litigate—a decision only it can make—that results in these costs being incurred; thus, "those expenses [are] incurred at the insurer's request."

<u>Gray</u>, 177 So. 3d at 63 (quoting <u>Johnson</u>, 654 So. 2d at 240).

On this basis, we affirm the trial court's final judgment adjudicating GEICO jointly and severally liable with its insured for Ms. Macedo's taxable fees and costs. As in <u>Gray</u>, we also certify conflict with <u>Steele v. Kinsey</u>, 801 So. 2d 297 (Fla. 2d DCA 2001).

AFFIRMED; CONFLICT CERTIFIED.

WETHERELL, ROWE, and OSTERHAUS, JJ., concur.