# Supreme Court of Florida

_____

No. SC16-935
_____

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
Petitioner,

vs.

**ALYSIA M. MACEDO, et al.,**
Respondent.

[July 13, 2017]

POLSTON, J.

Government Employees Insurance Company (GEICO) seeks review of the

decision of the First District Court of Appeal in Government Employees Insurance

Co. v. Macedo, 190 So. 3d 1155 (Fla. 1st DCA 2016).[1]  As explained below, we

approve the First District's decision and hold that the ambiguous Additional

Payments section of the insurance policy must be construed in favor of coverage

for the costs and attorneys' fees awarded against the insured pursuant to section

768.79, Florida Statutes, the offer of judgment statute.

_____

1.  We have jurisdiction.  See art. V, § 3(b)(3), (4), Fla. Const.

## I. BACKGROUND

Zackery R. Lombardo's automobile insurance with GEICO provided bodily injury liability coverage for up to $100,000 per person and $300,000 per incident. The policy also gave GEICO the sole authority to settle any claim or suit.

Alysia M. Macedo sued Lombardo for damages resulting from bodily injuries she sustained in an April 2012 automobile collision with Lombardo. On May 1, 2014, Macedo served Lombardo with a proposal for settlement for $50,000, which was not accepted. The case proceeded to trial, and the jury returned a verdict in favor of Macedo in the amount of $243,954.55.[2] "Macedo then joined GEICO to the judgment, see § 627.4136(4), Fla. Stat., and sought taxable fees and costs pursuant to section 768.79, which the trial court awarded against GEICO jointly and severally with its insured." Macedo, 190 So. 3d at 1156.

On appeal, the First District affirmed the trial court's judgment based upon its prior decision in New Hampshire Indemnity Co. v. Gray, 177 So. 3d 56 (Fla. 1st DCA 2015), which had held "that the insurer's policy provision stating that it would cover 'other reasonable expenses incurred at our request' included costs

---

2. In the final judgment, the trial court ordered Lombardo to pay Macedo $172,965.91 because the jury found Macedo 25% responsible for her injuries and Macedo had received $10,000 in personal injury protection benefits.

associated with choosing to litigate a case instead of settling it." Macedo, 190 So. 3d at 1156 (explaining its decision in Gray and quoting the policy at issue in Gray). The First District explained that "GEICO's policy with Mr. Lombardo gave it the sole right to litigate and settle claims, and contractually obligated it to pay for 'all investigative and legal costs incurred by us' and 'all reasonable costs incurred by an insured at our request.' " Id. (quoting the Additional Payments section of the policy). The First District reasoned that "[a]ny such expression, or request [to litigate rather than settle], necessarily encompasses incurring litigation costs, which may mean not only the insurer's litigation costs, but also those incurred by the opposing party should that party prevail." Id. at 1157 (quoting Gray, 177 So. 3d at 63). Finally, the First District certified that its decision in Macedo conflicts with the Second District's decision in Steele v. Kinsey, 801 So. 2d 297 (Fla. 2d DCA 2001). Id.

## II. ANALYSIS

Insurance policy construction is a question of law subject to de novo review. Wash. Nat'l Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013). Courts construe insurance contracts according to their plain language. Fayad v. Clarendon Nat'l Ins. Co., 899 So. 2d 1082, 1086 (Fla. 2005). However, "any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor

- 3 -

of coverage and strictly against the insurer." Ruderman, 117 So. 3d at 949-50. A provision is ambiguous if it is "susceptible to two reasonable interpretations, one providing coverage and the other excluding coverage." Fayad, 899 So. 2d at 1086. The ambiguity must be genuine, and the lack of a definition for an operative term "does not, by itself, create an ambiguity." Botee v. S. Fid. Ins. Co., 162 So. 3d 183, 186 (Fla. 5th DCA 2015). "When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such a meaning." Id.

Here, the relevant portion of the Additional Payments section of Lombardo's policy with GEICO states:

> ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE
> LIABILITY COVERAGES
> 1. All investigative and legal costs incurred by us.
>         . . . .
> 4. We will upon request by an insured, provide reimbursement for the following items:
>         . . . .
>         (c) All reasonable costs incurred by an insured at our request.

Additionally, the index of the policy lists "Legal Expenses And Court Costs" as items that are covered under the Additional Payments section.

**A.**

First, GEICO contends that the policy does not cover the awarded attorneys' fees because the Additional Payments section refers only to costs, which generally

- 4 -

do not include attorneys' fees. However, because the section is ambiguous, we disagree.

Contrary to GEICO's argument, the section does not only reference costs. As just mentioned, the policy index indicates that GEICO will make additional payments under the liability coverages for "[l]egal [e]xpenses [a]nd [c]ourt [c]osts." Then, subsection (1) of the Additional Payments provision states that GEICO will cover "[a]ll investigative and legal costs," while subsection (4)(c) of the same provision discusses "[a]ll reasonable costs." These phrases are not defined. Although the absence of a definition does not render these phrases ambiguous, in this case, the use of the term "costs" along with "legal expenses" creates an ambiguity regarding whether attorneys' fees are included or excluded. Referring to "legal expenses" in conjunction with "court costs" signifies that there are "legal expenses" aside from costs that are also covered; otherwise, the language would be superfluous.

Accordingly, because there are multiple reasonable interpretations regarding whether attorneys' fees are included by the terms "expenses" and "costs," the Additional Payments section is ambiguous and must be construed in favor of coverage. See Geico Gen. Ins. Co. v. Hollingsworth, 157 So. 3d 365, 368 (Fla. 5th DCA 2015) (stating that "[i]n light of the case law . . . combined with the principle that an ambiguous policy must be interpreted against the insurer and in favor of

coverage, we are compelled to" hold that the attorneys' fees granted pursuant to the offer of judgement statute must be considered a "court cost" under the additional payments provision); see also Geico Gen. Ins. Co. v. Rodriguez, 155 So. 3d 1163, 1171-72 (Fla. 3d DCA 2014) (holding that attorneys' fee sanction was covered as a "court cost" under the additional payments provision of the insurance policy); Tri-State Ins. Co. of Minn. v. Fitzgerald, 593 So. 2d 1118, 1119 (Fla. 3d DCA 1992) (holding that attorneys' fees sanction fell within the coverage provided by the policy's language of "all costs taxed against the Insured, in any suit defended by the Insurer(s)").

**B.**

Further, GEICO contends that Additional Payments subsection 4(c), "[a]ll reasonable costs incurred by an insured at our request," does not cover the costs and attorneys' fees awarded against Lombardo under the offer of judgment statute because they were not "incurred by an insured at [GEICO's] request." We disagree because GEICO had control over settling the case. See Fla. Ins. Guar. Ass'n, Inc. v. Johnson, 654 So. 2d 239, 240 (Fla. 4th DCA 1995) (finding coverage when the insurance policy stated that the insurer would pay for "[o]ther reasonable expenses incurred at our request," because the expenses incurred by the insured "as a result of the insurance company's choice not to settle . . . were incurred at the

insurer's request"); <u>Gray</u>, 177 So. 3d at 63 (explaining that "choosing to litigate is

no different than a request or 'expressing a desire' to do so").

In contrast to our interpretation, the Second District in <u>Steele</u>, 801 So. 2d at

299, determined that a policy provision that the insurer would pay "expenses

incurred at our request" did not provide coverage for plaintiff's attorneys' fees

awarded against the insured under the offer of judgment statute. The Second

District reasoned as follows:

> The common meaning of "request" is "the act of asking, or
> expressing a desire, for something; solicitation or petition."
> <u>Webster's New World College Dictionary</u> 1218 (4th ed. 2001). The
> legal meaning of the word is "[a]n asking or petition. The expression
> of a desire to some person for something to be granted or done,
> particularly for the payment of a debt or performance of a contract."
> <u>Black's Law Dictionary</u> 1172 (5th ed. 1979). Both of these
> commonly understood definitions reinforce the clear use of the term
> within the context of the policy—that the insurer intended to pay for
> expenses that it had authorized and over which it had control, such as
> the selection of a service or product of known value and cost.

<u>Id.</u>

But the Second District's interpretation in <u>Steele</u> does not account for the

provision of a policy that gives the insurer discretion to settle the case and the

obligation of the insured to cooperate with the insurer. <u>See Ruderman</u>, 117 So. 3d

at 948 (explaining that when construing insurance contracts courts should "read

each policy as a whole"). Here, because GEICO was authorized to settle the case,

and could have settled in this case for half of the policy limit, it did not have to ask

Lombardo to accept or reject settlement offers. Further, if such request were made, it would not fit the generally understood meaning of "request" because under the terms of the policy, Lombardo would not truly have an option whether to grant such request.

Moreover, the definition of the term "request" on which the Second District relied in <u>Steele</u> can also be used to conclude that the insurer did "request" the costs and attorneys' fees incurred under the offer of judgment statute. Specifically, the Second District in <u>Steele</u> stated that to "request" something means that "the insurer intended to pay for expenses that it had <u>authorized</u> and over which it had <u>control</u>." <u>Steele</u>, 801 So. 2d at 299 (emphasis added). Here, GEICO could have authorized a settlement, and in essence GEICO controlled the litigation. It follows that any cost or fee incurred as a result of GEICO exercising its authority and control is something that it intended to pay. The fact that the language the Second District in <u>Steele</u> used to exclude coverage can also be interpreted to provide coverage highlights the ambiguity.

Accordingly, because there are multiple reasonable interpretations, the provision is ambiguous and must be construed in favor of coverage. See <u>Auto-Owners Ins. Co. v. Anderson</u>, 756 So. 2d 29, 35 (Fla. 2000) (construing ambiguity, which arose when a clause was read in conjunction with the entire policy, in favor of coverage).

## III. CONCLUSION

For the foregoing reasons, we hold that the ambiguous Additional Payments section of the GEICO insurance policy must be construed to provide coverage for the costs and attorneys' fees awarded against Lombardo pursuant to the offer of judgment statute. Therefore, we approve the First District's decision in Macedo and disapprove the Second District's decision in Steele to the extent it is inconsistent with our decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D15-2896

(Okaloosa County)

B. Richard Young and Joshua J. Hartley of Young, Bill, Boles, Palmer & Duke, P.A., Pensacola, Florida,

for Petitioner

David A. Simpson and Jonathan D. Simpson of Simpson Law Firm, Fort Walton Beach, Florida,

for Respondent Alysia M. Macedo

Dale Swope, Darrell Hinson, and Stephanie Miles of Swope, Rodante P.A., Tampa, Florida; and Elizabeth Munro of Florida Vanguard Attorneys, LLC, Tampa, Florida,

     for Respondent Zackery R. Lombardo

Jack R. Reiter, Jordan S. Kosches, and Veronica A. Meza of GrayRobinson, P.A., Miami, Florida,

     for Amicus Curiae Property Casualty Insurers Association of America