DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SANDRA DAVIS,**
Appellant,

v.

**JESSICA MURO,**

Appellee.

No. 4D18-907

---

**NATIONWIDE INSURANCE COMPANY OF AMERICA,**
Appellant,

v.

**JESSICA MURO,**
Appellee.

No. 4D18-2824

[November 13, 2019]

Appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward L. Artau, Judge; L.T. Case No. 502011CA019191XXXXMBAF.

Hinda Klein of Conroy Simberg, Hollywood, for appellant Sandra Davis.

Rosemary Wilder of Marlow, Adler, Abrams, Newman & Lewis, Coral Gables, for appellant Nationwide Insurance Company of America.

William D. Zoeller of Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A., West Palm Beach, and Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, for appellee Jessica Muro.

PER CURIAM.

Nationwide and Davis each appeal an amended final judgment for attorneys' fees entered upon a rejected offer of settlement. We consolidate these appeals for purpose of this opinion and affirm.

In this automobile collision case, Appellee plaintiff made an offer of settlement to Appellant Davis which exceeded the insurance limits of Davis's insurance policy with Nationwide. The offer was not accepted by Davis. Judgment after trial exceeded the offer by over twenty-five percent, thus allowing Appellee to pursue attorneys' fees under section 768.79, Fla. Stat. (2018). When Appellee moved for attorneys' fees against Davis, Davis objected based upon ambiguity in the offer because of the presence of a co-defendant. She did not raise lack of good faith or impossibility of performance. The trial court ultimately found no ambiguity in the offer and awarded fees against Davis. Appellee then moved to join Davis's insurer, Nationwide, in the attorneys' fees and cost judgment. Nationwide objected on the grounds that such fees were not allowed under its insurance contract with Davis. The trial court rejected Nationwide's challenge based upon *Government Employees Insurance Co. v. Macedo*, 228 So. 3d 1111 (Fla. 2017).

On appeal, Davis raises other issues which were never presented to the trial court and thus are not grounds for reversal absent fundamental error. *Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010). She claims that the proposal for settlement is illusory, because she did not have the ability to pay the amount of the settlement which was in excess of her insurance coverage, and she did not control the litigation. This determination would involve factual issues, for which there is no record. Furthermore, her claim is essentially a claim that the offer was not made in good faith. She could have raised this in the trial court. *See* § 768.79(7)(a), Fla. Stat. (2018). She has not shown that the issue is one of fundamental error. We thus affirm.

As to Nationwide, it too raises multiple issues in its brief which were not raised in the trial court. The only issue addressed in its brief which was raised was whether the insurance contract required the payment of these attorneys' fees. We conclude that the trial court correctly found that the insurance policy requires payment, based upon *Macedo*.

Because of the lack of preservation of most of the issues, and the trial court's rulings on the preserved issues, we affirm both judgments.

Warner, Gross and Ciklin, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2