DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FIRST CALL 24/7, INC.** a/a/o **ANDREA POLLACK,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-281

[November 10, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. COWE 18-9301 and CACE 20-8932.

Erik D. Diener of The Diener Firm, P.A., Plantation, for appellant.

Thomas A. Valdez and Vilma Martinez of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for appellee.

LEVINE, J.

First Call 24/7, Inc. ("First Call") claims that the appraisal clause in the insured's homeowners' insurance policy applies only to existing property damage not yet repaired and not to water mitigation repairs which were already completed. We disagree. The plain language of the policy states that the appraisal clause applies to all property damage. There is no water mitigation exception. As such, we affirm the trial court.

In July 2018, the insured's property sustained water damage. The insured contracted with First Call to provide water mitigation services. In exchange for the services, the insured assigned her benefits to First Call. First Call invoiced Citizens Property Insurance Co. ("Citizens") for $6,259.16. Citizens responded with a letter stating that it found the cost for reasonable and necessary water mitigation services was $949.73. Citizens enclosed a check for this amount and demanded an appraisal of the remaining amount in accordance with the policy's appraisal clause, which provided in pertinent part:

Appraisal is an alternate dispute resolution method *to*

> *address and resolve disagreement regarding the amount of the covered loss.*
>
> a. *If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss.* If you or we demand appraisal, the demand for appraisal must be in writing and shall include an estimate of the amount of any dispute that results from the covered cause of loss.

(emphasis added).

After Citizens invoked appraisal, First Call filed a petition for declaratory relief, asserting that the appraisal provision did not apply to emergency mitigation services but rather only to existing property damage not yet repaired. After filing an answer and affirmative defenses, Citizens moved for summary judgment based on the appraisal provision.

The trial court granted the motion for summary judgment, finding "that the policy's appraisal clause applies to the facts of this claim because the appraisal clause was properly invoked and the dispute is not over coverage, it is over the amount due for the covered loss." The trial court then entered a final judgment in favor of Citizens, finding that Citizens properly invoked appraisal, that Citizens did not waive the right to appraisal, and that First Call's arguments for avoiding appraisal were without merit. First Call appealed.

"Insurance policy construction is a question of law subject to de novo review." *Gov't Emps. Ins. Co. v. Macedo*, 228 So. 3d 1111, 1113 (Fla. 2017). The standard of review for an order granting summary judgment is also de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

"[A] contract which is clear, complete, and unambiguous does not require judicial construction." *GEICO Indem. Co. v. Walker*, 319 So. 3d 661, 665 (Fla. 4th DCA 2021) (citation omitted). "If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Menendez*, 70 So. 3d 566, 569-70 (Fla. 2011)).

First Call argues that the appraisal provision applies only to existing property damage that has not yet been repaired and does not apply to water mitigation services already rendered. First Call argues that the policy is ambiguous because it does not define the types of disputes that

are subject to appraisal.

Contrary to First Call's contention, the policy is not ambiguous. The plain and unambiguous terms of the policy provide that all disputes regarding the amount of a covered loss are subject to resolution via appraisal. The appraisal provision operates to "resolve disagreement regarding the amount of the covered loss." If the parties "fail to agree on the amount of loss, either party may demand an appraisal of the loss." Nothing in the appraisal provision—or other portions of the policy—limits its application to existing damage that has not yet been repaired. Rather, the appraisal provision applies with equal force to all property-related coverages, including water mitigation, where there is a dispute as to the amount of loss. Because this case involves a dispute as to the amount due for a covered loss, the appraisal provision applies to all disputes, including but not limited to water mitigation, regardless of whether the loss has been repaired or not. As such, we affirm.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3