# Third District Court of Appeal
## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1844
Lower Tribunal No. 16-9950
_____

**Adalberto Vega,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Perry & Neblett, P.A., David Avellar Neblett and John A. Wynn, for appellant.

Paul R. Pearcy, P.A., and Maureen G. Pearcy, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

Affirmed. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law."); In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 78 (Fla. 2021) ("Any pending rehearing of a summary judgment motion decided under the pre-amendment rule should be decided under the pre-amendment rule, subject of course to a party's ability to file a renewed motion for summary judgment under the new rule."); Gov't Emps. Ins. Co. v. Macedo, 228 So. 3d 1111, 1113 (Fla. 2017) ("Insurance policy construction is a question of law subject to de novo review.") (citing Wash. Nat'l Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013)); Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1005 (Fla. 2010) ("[A] question of insurance policy interpretation, which is a question of law, [is also] subject to de novo review."); E. Florida Hauling, Inc. v. Lexington Ins. Co., 913 So. 2d 673, 676 (Fla. 3d DCA 2005) ("When the language of an insurance policy is clear and unambiguous, a court must interpret it according to its plain meaning, giving effect to the policy as it was written."); Arguelles v. Citizens Prop. Ins. Corp., 278 So. 3d 108, 111 (Fla. 3d DCA 2019) ("Finally, we review a denial of a motion for rehearing under an abuse of discretion standard.").