# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2301
Lower Tribunal No. 21-33904-CC-05
_____

**Spartan Services Corp., et al.,**
Appellants,

vs.

**People's Trust Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Vyacheslav Borshchukov, P.A., and Slava Borshchukov (Fort Lauderdale), for appellants.

Brett Frankel and Jonathan Sabghir (Deerfield Beach); Cole, Scott & Kissane, P.A., and Mark D. Tinker and Brandon J. Tyler (Tampa), for appellee.

Before EMAS, LOBREE and GOODEN, JJ.

EMAS, J.

**INTRODUCTION**

Spartan Services Corp. (as assignee of insureds Natalie Broz and Francesco Piva) appeals the trial court's final summary judgment in favor of People's Trust Insurance Company. The primary issue on appeal is whether coverage for the loss was excluded by the Water Damage Exclusion Endorsement contained in the homeowner's insurance policy.

Though appellant raised several arguments, both below and on appeal, this case rises and falls on the construction and application of the Water Damage Exclusion Endorsement.[1]  Upon our de novo review, we affirm and hold that under the plain language of the base policy and the Endorsement, the instant loss was excluded from coverage.

**FACTS AND PROCEDURAL HISTORY**

People's Trust issued an all-risk homeowner's insurance policy to Natalie Broz and Francesco Piva (the insureds).  The policy includes a section entitled "Exclusions," which provides in pertinent part:

---

[1] Given the dispositive nature of the construction and application of the Water Damage Exclusion Endorsement, we do not reach the other issues raised by appellant.  Those issues include whether the trial court erred in finding appellant failed to establish the loss occurred within the policy period, as well as whether Spartan lacked standing because the AOBs failed to include estimates at the time of signing and were therefore invalid under section 627.7152, Florida Statutes (2021).

2

**SECTION I—EXCLUSIONS**

A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

The policy then lists and describes several exclusions under the policy

(e.g., Earth Movement, and Settlement, Power Failure, Act of War, Neglect).

Included within that list of excluded losses is "Water":


**3. Water**

This means:
a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;
b. Water which:
  (1) Backs up through sewers or drains; or
  (2) Overflows or is otherwise discharged from a sump, sump pump or related equipment;
c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or
d. Waterborne material carried or otherwise moved by any of the water referred to in A.3.a. through A.3.c. of this exclusion

This Exclusion A.3. applies regardless of whether any of the above, in A.3.a. through A.3.d is caused by an act of nature or is otherwise cause.

This Exclusion A.3. applies to, but is not limited to, escape, overglow or discharge, for any reason, of water or waterborne

material from a dam, levee, seawall or any other boundary or containment system.

However, direct loss covered by fire, explosion or theft resulting from any of the above, in A.3.a. through A.3.d. is covered.

In exchange for a policy premium discount of $576.00, a Water Damage Exclusion Endorsement was added to the policy ("the Endorsement"). The Endorsement excludes coverage for loss caused by certain types of water penetration or water damage. Included within these excluded losses is loss caused by water penetrating the roof or walls of the home:

**THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY**

For a premium credit, the policy is changed as follows:

. . .

Under **SECTION I – EXCLUSIONS** item 3. Water is replaced by the following:

3. Water, meaning:

. . .

f. Water penetration through the roof system or exterior walls of windows **unless water penetration is a direct result of damage caused by a Peril Insured Against other than water** and not otherwise excluded in the policy;

. . .

Water Damage resulting from rain that enters the insured dwelling through an opening **that is a direct result of physical damage caused by a Peril Insured Against**, other than water, will be

4

covered under that peril provided that peril is not otherwise excluded in the policy. The covered damage will be subject to the applicable deductible stated in your policy Declarations.

(emphasis added).

On October 4, 2020, the insureds' home suffered a loss as a result of a roof leak. Two days later, the insureds reported the claim to People's Trust and, following inspection by its field adjuster, People's Trust denied the claim by letter dated November 15, 2020. The letter recounted the field adjuster's inspection of the house and documented his findings arising from that inspection: "the roof shows age related deterioration and tear which is the cause of the leak," and "no evidence of windstorm damage or damage by covered peril to [the] roof was observed during inspection." The letter concluded:

> Looking at the facts of your claim and reading the language of the endorsements, your policy does not provide coverage for damages caused by age-related wear; it also does not provide coverage for ensuing water damages. As a result, PTI must respectfully deny coverage for your claim.

A year later, the insureds executed two assignment of benefits (AOBs) with Spartan—one for water-mitigation services and the other for tarping services—in exchange for Spartan repairing the damage. In turn, Spartan emailed People's Trust its restoration estimates and invoices. Days later,

People's Trust responded, explaining "coverage does not exist for our insured on the underlying claim."

In late 2021, Spartan sued People's Trust for breach of contract seeking compensation for the services performed. People's Trust moved for summary judgment on two bases: (1) The loss was not covered by the policy because the insureds agreed to the Endorsement in exchange for a $576 premium credit; and (2) Spartan lacked standing because the AOBs failed to include estimates at the time of signing and were therefore invalid under section 627.7152(2)(a)(4), Florida Statutes (2021).

Spartan filed a response, contending the Endorsement applied only to Coverage C (personal property) and not to Coverage A (the dwelling).[2] It

_____

[2] On appeal, Spartan raises a slightly different argument than that raised below:

On appeal, Spartan contends that the plain language of the base policy provides coverage for ensuing loss caused by wear and tear, and the Endorsement does not preclude same. Below, Spartan argued that the Endorsement only applied to Coverage C, and not to all coverages (i.e., not to Coverage A—dwelling). In fact, during the hearing, Spartan confirmed that if the trial court were to find the Endorsement applies only to Coverage C, "then there's no need for [Spartan] to show that this was a peril created open[ing] because there would be coverage."

The same argument was made in Spartan's response to summary judgment and in its supplemental response. See, e.g., ("The [Endorsement] that [People's Trust] cites and relies upon in its Motion applies ONLY with Coverage C—Personal Property, NOT Coverage A—Dwelling which is the

6

further argued that the AOBs did in fact contain a written, itemized per unit cost estimate of services, and that the AOBs were valid under section 627.7152(2)(a)(4).

The trial court held a hearing on the motion where the primary issue addressed was whether the Endorsement applied to the insureds' loss.

The parties agreed that if the exclusion under the Endorsement applied, Spartan would have to establish that the damage leading to the water damage was caused by a "peril created opening." However, Spartan maintained below that the Endorsement applied only to Coverage C—personal property—and was inapplicable to the instant claim regarding damage to the dwelling. Therefore, Spartan contended, it did not need to establish the damage was caused by a peril created opening.

To this point, when asked by the trial court, "what is the evidence that this was a peril created opening," Spartan replied:

> None. There is – you don't need a peril created opening in order to get coverage. This is not that kind of policy because this policy covers damage as a result of wear and tear.
>
> We don't need an engineer. We don't need an expert. The only thing we need is damage because damage in this case – the insurance company determined it was the result of where it's here.

coverage being sought by [Spartan] here."). This discrepancy is discussed infra.

7

They're saying its wear and tear. Because they're saying it's wear and tear the policy says in the ensuing damage is covered.

So we don't need an engineer. We don't need any kind of wind created opening under this policy. . . . Under this policy, we don't carry that burden.

In a thorough order, the trial court granted summary judgment, finding inter alia that a "review of the plain language of the whole policy and all the policy endorsements makes it clear and unambiguous that the [Endorsement] applies to all coverages" (i.e., Coverage A- Dwelling and Coverage C- Personal Property) and not just to Coverage C (Personal Property). The trial court also found that the undisputed facts established the loss was excluded from coverage by the Water Damage Exclusion Endorsement, and that Spartan failed to present evidence of an exception to the exclusion under the Endorsement.[3]

Spartan moved for rehearing, which was denied, and this appeal followed.

---

[3] As indicated earlier, the trial court also found that Spartan failed to present evidence that the loss occurred during the policy period. We note this issue was not contained in People's Trust's written motion for summary judgment, but was instead raised orally at the hearing. We need not reach this issue, nor the propriety of the trial court adjudicating the issue given the procedural posture in which it was raised.

**STANDARD OF REVIEW**

"Insurance policy construction is a question of law subject to de novo review." Arguelles v. Citizens Prop. Ins. Corp., 278 So. 3d 108, 111 (Fla. 3d DCA 2019) (quoting Gov't Emps. Ins. Co. v. Macedo, 228 So. 3d 1111, 1113 (Fla. 2017)). Likewise, the Court reviews an order on summary judgment de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law."). The denial of a motion for rehearing is reviewed for an abuse of discretion. Arguelles, 278 So. 3d at 111.

**ANALYSIS AND DISCUSSION**

To make a claim under an all-risk policy, the insured must establish that her home suffered a covered loss while the policy was in effect. Once established, "the burden shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." Deshazior v. Safepoint Ins. Co., 305 So. 3d 752, 754-55 (Fla. 3d DCA 2020). And if an insurer relies on an exclusion to deny coverage, the insurer "has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." Id. at 755. The burden then shifts once more to the insured to

9

prove an exception to the exclusion contained in the insurance policy. <u>Fla.</u> <u>Windstorm Underwriting v. Gajwani</u>, 934 So. 2d 501, 506 (Fla. 3d DCA 2005).

Though several arguments are raised by both sides, this case rises and falls with the plain language of the base policy and Endorsement. Preliminarily, however, we note that with respect to application of the Endorsement, Spartan advances a different argument on appeal than what it contended in the trial court:

On appeal, Spartan contends that the plain language of the base policy provides coverage for **<u>ensuing loss</u>** caused by wear and tear, and that the Endorsement does not exclude such coverage.

However, in the trial court, Spartan's argument was that the Endorsement applied only to losses under Coverage C (Personal Property), not to Coverage A (Dwelling) and that, since this was a claim of ensuing loss to the dwelling based on wear and tear, the Endorsement was wholly inapplicable.

Nowhere in its initial brief does Spartan contend that the Endorsement applies only to personal property losses under Section C of the base policy. In fact, during the summary judgment hearing, Spartan confirmed that if the trial court were to find the Endorsement applies only to Coverage C (Personal Property), "then there's no need for [Spartan] to show that this was a peril

created open[ing] because there would be coverage." The same argument was made in Spartan's written response to summary judgment, and in its supplemental response. ("The [Endorsement] that [People's Trust] cites and relies upon in its Motion applies ONLY with Coverage C—Personal Property, NOT Coverage A—Dwelling which is the coverage being sought by [Spartan] here.").

By failing to advance this argument in its brief, Spartan has abandoned this issue on appeal.[4] See Four Ambassadors Master Ass'n, Inc. v. Vice City Marina, LLC, 298 So. 3d 1181, 1182 (Fla. 3d DCA 2020) (holding argument waived where not raised at trial). Even had Spartan urged this position, however, we would have found it to be without merit, as the plain language of the policy and Endorsement, read in pari materia, establishes that the Endorsement, and the exclusions contained therein, apply to all coverages, and is not limited to coverage for personal property. See Rosa v. Safepoint Ins. Co., 350 So. 3d 468, 470 (Fla. 4th DCA 2022) ("The guiding principle for insurance policy interpretation is that the policy must be read as a whole,

---

[4] Indeed, Spartan did not even make this argument in its motion seeking rehearing of the trial court's summary judgment in favor of People's Trust. Spartan instead raised the argument pursued on appeal, i.e., that the base policy provides coverage for ensuing loss (water damage) caused by wear and tear, and the Endorsement does not preclude coverage given that this is an all-risk policy.

11

affording words their plain meaning as bargained for by the parties.") (citing first § 627.419(1), Fla. Stat. (2016) (requiring every insurance contract "be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto") and then Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000) ("Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties.")).

This brings us to the argument being advanced by Spartan on appeal: rather than the singular argument that the Endorsement did not apply at all to this claim (because this was a claim of loss to dwelling and the Endorsement applied only to personal property loss) Spartan simply asserts that the Endorsement does not exclude coverage for the water damage claim—specifically, water damage the parties agree was caused by wear-and-tear of the roof.

We likewise find this argument  unpersuasive, as such a loss is in fact excluded under the plain language of the Endorsement, and Spartan failed to present evidence of an exception to the exclusion under the Endorsement.

The parties agree that—under the base policy—while direct physical loss to property caused by wear and tear is not covered under the policy,

12

<u>ensuing</u> loss to property is covered <u>if</u> not otherwise precluded under the policy. The relevant language of the underlying policy provides:

**SECTION I – PERILS INSURED AGAINST**
**A. Coverage A – Dwelling and Coverage B – Other Structures**

1. We insure against direct physical loss to property described in Coverage A and B.

2. We do not insure, however, for loss:

. . .

c. Caused by:

. . .

(6) Any of the following:

(a) Wear and tear marring, deterioration;

. . .

<u>Under SECTION I – PERILS INSURED AGAINST A. 2. b. and c.</u>
<u>above, **any ensuing loss** to property described in Coverages A</u>
<u>and B **_not precluded by any other provision_** in this policy is</u>
<u>covered.</u>

In other words, while damage to the roof itself (direct loss) caused by wear and tear is not covered, the resulting "ensuing loss" (e.g., water damage to the interior of the home) is covered, if "not precluded by any other provision in this policy."

The remaining question is the effect of the limiting language for such coverage—ensuing loss is covered if "not precluded by any other provision in

13

this policy." Does the Water Damage Exclusion Endorsement preclude recovery of the ensuing loss (i.e., water damage to the interior of the home) that resulted from the wear-and-tear physical loss to the roof?

The relevant portion of the Endorsement (which applies to all coverages) provides:

> **We do not insure for loss caused directly or indirectly by any of the following.** Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> Under **SECTION I – EXCLUSIONS** item 3. Water is replaced by the following:
>
> 3. Water, meaning:
>
> . . .
>
> f. <u>Water penetration through the roof system</u> or exterior walls of windows **unless water penetration is a direct result of damage caused by a Peril Insured Against other than water and not otherwise excluded in the policy;**
>
> . . .
>
> Water Damage resulting from rain <u>that enters the insured dwelling</u> **through an opening that is a direct result of physical damage caused by a Peril Insured Against, other than water,** will be covered under that peril provided that peril is not otherwise excluded in the policy. The covered damage will be subject to the applicable deductible stated in your policy Declarations.

(emphasis added).

14

Stated differently, People's Trust does not insure for loss caused directly or indirectly by "water," defined to include water that penetrates "through the roof system . . . **_unless_** water penetration is a direct result of damage caused by a Peril Insured Against **_other than water_**." (Emphasis added). This policy language precludes coverage for an "ensuing loss"—water damage to the interior—from wear-and-tear (an explicitly excluded peril) where the water damage is not a direct result of a peril insured against.

## CONCLUSION

Spartan's ensuing loss was excluded from coverage under the plain language of the base policy and the Endorsement. Therefore, the trial court correctly entered summary judgment in favor of People's Trust.

Affirmed.