DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**MELANIE MANZO-PIANELLI, ALANA PROCTOR** and **UNITED SERVICE AUTOMOBILE ASSOCIATION** a/k/a **USAA,**
Appellees.

No. 4D13-4320

[November 5, 2014]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09-57134CACE12.

Sharon C. Degnan of Kubicki Draper, Fort Lauderdale, for appellant.

Nancy W. Gregoire of Kirschbaum, Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Matthew D. Hellman of Matt Hellman, P.A., Plantation, for appellee Melanie Manzo-Pianelli.

Charles M-P George of the Law Offices of Charles M-P George, Coral Gables, and Christopher Wadsworth and Daniel L. Margrey of Wadsworth Huott, LLP, Miami, for appellee USAA.

PER CURIAM.

Allstate appeals an order, entered after summary judgment, determining that a permissive user of a motor vehicle was covered under an umbrella policy issued by Allstate. We reverse, as an issue of material fact remains regarding whether the insured could be "legally obligated" to pay damages, which is necessary for there to be coverage for the permissive user under the policy.

In August 2007, Alana Proctor, the permissive driver of a vehicle owned by Neil Seiden, was involved in an automobile accident with Melanie Manzo-Pianelli. Seiden had an insurance policy with State Farm that provided $100,000 in coverage and an umbrella policy with Allstate that

provided $1,000,000 in coverage.  State Farm tendered its policy limits to Manzo-Pianelli, and Manzo-Pianelli executed a partial release in favor of Seiden.  Manzo-Pianelli sought to recover against Allstate, but Allstate sent a letter denying coverage.

In October 2009, Manzo-Pianelli filed a complaint against her insurer, USAA, for underinsured motorist benefits.  USAA filed a third party complaint against Allstate, Manzo-Pianelli, and Proctor, seeking a determination as to the "priority of coverage."  In July 2012, Manzo-Pianelli amended her complaint to add a cause of action against Proctor.  Seiden was never named as a defendant by any of the parties.

The parties filed cross-motions for summary judgment and memoranda of law in support of their respective motions.  Manzo-Pianelli argued there was coverage under the following provision:

# Excess Liability Insurance Coverage XL

Allstate will pay damages which an insured person becomes legally obligated to pay because of personal injury, bodily injury or property damage, subject to the terms, conditions and limits of this policy.  Personal injury, bodily injury and property damage must arise from a covered occurrence. . . .

### Losses We Cover Under Coverage XL
We will cover an occurrence arising only out of:
1. Personal activities of an insured person, including the permissive use of a land motor vehicle or watercraft owned by an insured person. . .

The policy defined an "insured person" as follows:

a) you, and any other person who is named on the Policy Declarations;
b) any person related to you by blood, marriage, or adoption who is a resident of your household; or
c) any dependent person in your care, if that person is a resident of your household

but persons defined in 6. b) and 6. c) are not insured persons for any liability arising out of their ownership, maintenance or use of any motor vehicle or any watercraft.

2

The policy listed Seiden as the named insured. It was undisputed that Proctor was not a resident relative of Seiden.

Allstate argued that Proctor, a permissive user, was not afforded coverage under the policy, which limited coverage to "damages which **an insured person** becomes legally obligated to pay." Because Seiden, the insured person, was not named as a defendant, he could never be "legally obligated" to pay damages since the statute of limitations had run.

After a hearing, the trial court entered an order granting summary judgment in favor of Manzo-Pianelli. The court found that Proctor was an omnibus insured and that her actions were covered under the policy as a permissive user. Alternatively, Proctor's actions were covered because any negligence on her part would be imputed to Seiden under the vicarious liability and dangerous instrumentality doctrines. The court found it irrelevant that Seiden was not joined as a party, as the issue presented to the court involved only construing the Allstate policy.

"Our review of an order granting summary judgment is de novo, as is the interpretation of an insurance contract and the determination of whether the law requires the insurer to provide coverage." *Valero v. Fla. Ins. Guar. Ass'n,* 59 So. 3d 1166, 1167-68 (Fla. 4th DCA 2011) (citation omitted). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c).

We find the trial court erred in granting summary judgment, as there is a disputed issue of material fact regarding whether Seiden is—or can ever be—"legally obligated" to pay Proctor's claim. The umbrella policy limits coverage to "damages which an insured person becomes legally obligated to pay . . . ." The trial court never determined Seiden's legal obligation. Issues relevant to this determination include whether the statute of limitations to sue Seiden has run, the applicability of the relation-back doctrine if Seiden were added as a defendant, whether Allstate misrepresented coverage in its letter to Proctor, and whether tolling applies. During oral argument, the appellees claimed there is the potential that Seiden could still be held liable. Also during oral argument, Allstate admitted that if Seiden had been named as a defendant, Allstate would have had a legal obligation to pay the claim. If no action may be maintained against Seiden, it follows then that there would be no liability or coverage under the umbrella policy for the permissive user. *Peoples v. Fla. Ins. Guar. Ass'n,* 313 So. 2d 40 (Fla. 2d DCA 1975).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

STEVENSON, MAY and LEVINE, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**